**UNITED STATES of America, Plaintiff/Respondent,**

v.

**Earnest L. RAYTON, Defendant/Movant.**

Nos. 98–40007–01–DES, 00–3349–DES.

United States District Court,
D. Kansas.

April 13, 2001.

Earnest L Rayton, MCFP-Springfield, Springfield, MO, pro se.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on movant's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 66). Respondent has filed a Response (Doc. 71) and movant has filed a Traverse in Reply (Doc. 72). The court is now prepared to rule on the motion.[1]

---

1. The court has previously issued three procedural orders in this matter. *See* (Docs. 67, 70, and 73).

## I. FACTUAL BACKGROUND

On April 12, 1996, officers of the Topeka, Kansas, Police Department executed a search warrant on a residence in Topeka, Kansas. Officers found inside the residence the movant, who was found to be the person in charge of the address. A search of the residence uncovered 96.19 grams of cocaine base.

Based on information received from a confidential informant, the Topeka Police Department executed a second search warrant at the movant's residence on May 10, 1996. No one was present during the execution of the warrant, yet officers did find documentation indicating that movant lived at the residence. Officers discovered a stolen 9mm handgun, approximately 52.35 grams of cocaine base, 40.6 grams of marijuana, scales, and approximately $2,195 in United States currency.

On February 11, 1998, the grand jury returned a two count indictment against movant. Count one alleged movant intentionally possessed with the intent to distribute 96.19 grams of cocaine base. Count two alleged movant intentionally possessed with intent to distribute 52.35 grams of cocaine base.

Movant pleaded guilty on April 27, 1998, to count one of the indictment, to-wit: possessing with intent to distribute in excess of fifty grams of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1). Movant reserved the right to appeal the court's denial of his suppression motion. On December 22, 1998, the court sentenced movant to a 135 month term of imprisonment.[2] According to the United States Sentencing Guidelines ("Guidelines"), movant's base offense level was thirty-two. *See* U.S.S.G. § 2D1.1. His offense level was increased by two points because of the firearm pos-

sessed by movant. *See* U.S.S.G. § 2D1.1(b)(1). Movant did receive a three point adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a), (b). Therefore, movant's total offense level was 31. Movant had a criminal history category of III, so the Guidelines placed movant's sentence in the 135 to 168 months range.

On August 30, 1999, the Tenth Circuit affirmed the court's denial of movant's suppression motion. Thereafter, on September 21, 2000, movant filed the instant § 2255 motion.

## II. MOVANT'S CLAIMS

Movant asserts he received ineffective assistance of counsel. His motion presents two grounds for relief: (1) defense counsel failed to adequately inform movant of all the consequences of his guilty plea, specifically counsel failed to inform movant of the two point enhancement for the firearm; (2) defense counsel failed to object to the presentence investigative report or levy an objection at sentencing concerning the two point enhancement.

## III. DISCUSSION

### A. Counsel's Failure to Inform

■ In assessing movant's claim, the court is guided by the familiar two-part analysis of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) ("We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas on ineffective assistance of counsel."). Movant must demonstrate (1) counsel's representation

---

**2.** The present motion is movant's second § 2255 motion. The events and procedures surrounding movant's first motion are fully discussed in the court's previous orders.

(Docs. 70 and 73). Therefore, the factual history concerning these prior procedural issues has been omitted.

was deficient and (2) that this deficiency prejudiced movant's defense. *See Strickland*, 466 U.S. at 687–88, 104 S.Ct. 2052.

██ Leaving the first part of the analysis momentarily, the court finds that movant has failed to sufficiently demonstrate any prejudice stemming from counsel's alleged deficiency. The Supreme Court has stated, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. 366. This inquiry into what movant may have done is to be adjudged objectively. *See id.*

██ In this particular case, the record reveals that movant was informed by his counsel, prior to accepting the plea, that the plea would subject him to the 135 to 168 months sentencing range. While counsel may not have expressly informed movant that the firearm increased his level by two points, the effect of the firearm was clearly conveyed to movant. Therefore, even if counsel had expressly informed movant of every element influencing the sentencing calculations, movant would still have been faced with the identical decision, i.e., accept the plea and face the 135 to 168 months range, or movant could go to trial and possibly face the 188 to 235 months range. Movant chose to accept the plea. There is no objective reason why movant's decision would have been any different if he had been expressly informed about the two point increase for the firearm, and, as such, movant has demonstrated no prejudice flowing from counsel's alleged deficiency. Movant's motion, therefore, will be denied as to this claim.

### B. Counsel's Failure to Object

██ Movant alleges that counsel should have objected to the two point firearm enhancement. In essence, movant argues that because he only pleaded guilty to count one of the indictment, counsel should have objected to an enhancement based on a firearm factually related to the dismissed count. Movant's argument misinterprets sentence enhancement in light of relevant conduct. A district court may, pursuant to the Guidelines, enhance a defendant's sentence based on all relevant conduct. *See United States v. Washington*, 11 F.3d 1510, 1516 (10th Cir.1993). Thus, the sentencing court looks not only to the offense of conviction, but also to all other acts " 'that were part of the same course of conduct or common scheme or plan as the offense of conviction.' " *United States v. Roederer*, 11 F.3d 973, 982 (10th Cir.1993) (quoting U.S.S.G. § 1B1.3(a)(2)). Therefore, a "firearm enhancement is to be applied whenever a firearm is possessed during conduct relevant to the offense of conviction." *United States v. Hunter*, 172 F.3d 1307, 1309 (11th Cir.1999) (internal citations and quotations omitted).

██ In the present case, a second search of movant's residence, conducted approximately one month after the first search, produced a firearm discovered directly next to a deposit of crack cocaine. In light of these facts, the court finds movant's proffered argument lacking in merit. Because counsel will not be considered deficient under *Strickland* for opting not to present a baseless argument, see *Hooks v. Ward*, 184 F.3d 1206, 1221 (10th Cir.1999), movant has failed to demonstrate either a deficiency on the part of counsel or prejudice. Movant's motion will be denied as to this claim.

Having found both of movant's claims inadequate under *Strickland*, the court is compelled to deny movant's motion.

**IT IS THEREFORE BY THIS COURT ORDERED** that movant's Motion pursuant to 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 66) is denied.