[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14442

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 31, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-21018-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAPATRICK DEON MCINTOSH,
a.k.a. Lapatrick Deon Macintoch,
a.k.a. Fat,
a.k.a. Pat,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 31, 2006)**

Before EDMONDSON, Chief Judge, BARKETT and COX, Circuit Judges.

PER CURIAM:

Lapatrick Deon McIntosh ("McIntosh") appeals his conviction and sentence for conspiracy to possess with intent to distribute fifty grams or more of cocaine base. We affirm, finding no merit to the various arguments raised on appeal.

First, we reject the argument that the evidence was insufficient to support the jury's guilty verdict in light of all the testimony, especially that of two co-conspirators who directly implicated McIntosh and testified against him.

Second, we find no abuse of discretion in the exclusion of an unauthenticated draft transcript of a wiretap admitted in evidence. McIntosh concedes that the transcript correctly reflected the contents of the tape. Moreover, in light of all of the evidence in this case, even if erroneous, it would have been harmless.

Third, we find no error in admitting in evidence a kilogram of cocaine found in a co-conspirator's backpack because the evidence at trial demonstrated its substantial probative value. The tapes introduced at trial demonstrated that the contents of the backpack were related to the conspiracy in which McIntosh was a participant. We have held that "evidence inextricably intertwined with the chain of events surrounding the crime charged is admissible." United States v. Gomez, 927 F.2d 1530, 1535 (11th Cir. 1991). Under this precedent, there was no abuse of discretion in the admission of this evidence.

We likewise find no error in the district court's instruction to the jury that they should indicate on the special verdict form the amount of drugs involved in the conspiracy. We will not reverse a conviction based on erroneous jury instructions unless, after examining the entire charge, we find that the issues of law were inaccurately presented, the charge included crimes not contained in the indictment, or the charge improperly guided the jury in such a substantial way as to violate the defendant's right to due process. See United States v. Smith, 918 F.2d 1551, 1564 (11th Cir. 1990). Having reviewed the jury charge, we conclude that it neither misstated the law or misled the jury to the prejudice of the defendant. See United States v. Grigsby, 111 F.3d 806, 814 (11th Cir. 1997).

We also reject as meritless McIntosh's argument that the district court abused its discretion in denying his motion for a new trial and judgment of acquittal. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand. United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). This standard cannot be met in this case in light of the overwhelming evidence of McIntosh's guilt.

Finally, we find no error in the imposition of McIntosh's sentence. McIntosh asserts that the district court committed several errors in sentencing. He argues that the district court clearly erred by imposing enhancements for drug

3

quantity, for possessing a firearm, for denying a minor role reduction, and for treating him as a career offender. The career offender enhancement resulted in an offense level of 37 and a sentencing guideline range of 360 months to life. The district court, after engaging in a reasonableness analysis under 3553(a), imposed a sentence at the bottom of the advisory guidelines range—360 months' imprisonment, to be followed by ten years' supervised release. We conclude that the district court did not err in its sentence.

The trial court made a finding that the facts presented through the trial testimony of Harris and Butts supported, by a preponderance of the evidence, a finding that McIntosh was responsible for one kilogram of cocaine base, resulting in a base offense level of 36. See U.S.S.G. §§ 2D1.1(a)(3) and (c). A sentencing court does not err when it enhances a sentence under an advisory guidelines scheme based on facts found by a preponderance of the evidence. United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005). Thus, we find no error in the drug quantity enhancement.

The district court also did not err in applying a two-level enhancement for possession of a firearm during a drug offense. According to the PSR, McIntosh was subject to the two-level enhancement because a search of his residence incident to his arrest revealed a firearm in his bedroom. See U.S.S.G. §

4

2D1.11(b)(1). The two level enhancement is applicable "if the weapon was present, unless it is improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.11, comment. (n.1). The evidence presented by the government was sufficient for the district court to conclude it probable, by a preponderance of the evidence, that the weapon was connected with the offense. It was reasonable for the district court to conclude from the location of the firearm in the bedroom that McIntosh shared with his girlfriend, together with the crack found in the dresser drawer in the same bedroom, and the cocaine cooking equipment found in the common area of the house, that McIntosh possessed the firearm during conduct relevant to his drug conspiracy. See United States v. Hunter, 172 F.3d 1307, 1309 (11th Cir. 1999). Consequently, McIntosh has not shown that the district court's application of the enhancement was clearly erroneous.

The district court also did not err in denying McIntosh a two-level reduction due to his minor role in the alleged conspiracy. To warrant a minor role adjustment, the evidence must demonstrate that the defendant's role made him substantially less culpable than the average participant. USSG § 3B1.2 comment. (backg'd) (emphasis added). McIntosh offered no evidence that he was less culpable than most of the other participants. On the other hand, the government presented evidence that he was a street dealer who handled at least a kilogram of

5

crack cocaine, and that he personally cooked the crack that he and Butts sold.

The district court also did not err in sentencing McIntosh as a career offender. USSG § 4B1.1 provides that a defendant convicted of a crime of violence or a controlled substance offense and who has two prior convictions for such offenses is a career offender with special sentencing offense levels. U.S.S.G. § 4B1.1. The PSI listed McIntosh as having three prior qualifying convictions: burglary of an occupied dwelling, armed robbery, and robbery in 1990; possession with intent to sell or deliver cocaine in 1997; and aggravated battery and resisting arrest in 1997. Each of these convictions qualifies as a crime of violence or a controlled substance offense under U.S.S.G. § 4B1.1, thereby qualifying McIntosh as a career criminal. See 18 U.S.C. § 924(e)(2)(B) (explicitly defining armed robbery as a "crime of violence" under ACCA); U.S.S.G. § 2L1.2(b)(1)(A)(ii), comment. (n.1(B)(iii)) (stating that aggravated assault is a crime of violence); see also United States v. Washington, --- F.3d ----, 2006 WL 2550041, at n.9 (9th Cir. Sept. 6, 2006) (stating that armed robbery "armed robbery clearly fit the definition of "crime of violence" contained in section 924(c)").

McIntosh's final argument is that his sentence, at the bottom of the sentencing guidelines range, is unreasonable because the district court failed to articulate the § 3553(a) factors it relied upon in imposing the sentence. The

district court stated that it had considered the statements of all parties, the PSI, which included advisory guidelines recommendations, and all of the § 3553(a) factors. The district court expressly concluded that the low end of the advisory guideline range "fully reflects the seriousness of the offense and provides just and reasonable punishment." McIntosh has not shown that the district court erred in its § 3553(a) analysis nor that the sentence imposed is unreasonable. Accordingly, his sentence is affirmed.

**AFFIRMED.**