[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 01, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10337
Non-Argument Calendar

_____

D. C. Docket No. 06-00026-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES WILLIS,
a.k.a. Monte,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(July 1, 2008)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Charles Willis appeals his 192-month sentence after pleading

guilty in the Southern District of Georgia to one count of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 18 U.S.C. § 2. After Willis was arrested in connection with this offense in Savannah, Georgia, law enforcement discovered a firearm in his home in Atlanta, Georgia, along with evidence of drug trafficking activity.

On appeal, Willis first argues that the district court's sentence was unconstitutional under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), because the court imposed a firearm enhancement under U.S.S.G. § 2D1.1(b)(1) based on facts not submitted to a jury for proof beyond a reasonable doubt. Second, Willis argues that the court erred by enhancing his sentence under § 2D1.1(b)(1) because law enforcement did not discover the firearm at the site of the charged conduct, and he did not use the firearm during any drug transactions.

After reviewing the record and reading the parties' briefs, we discern no reversible error.

I.   ***Booker Error***

Because Willis did not raise a constitutional objection to his sentence based upon the principles set out in *Booker*, we review his arguments for plain error. *See*

2

*United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* (quotation omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted). Constitutional error under *Booker* exists "when the district court misapplies the Guidelines by considering them as binding as opposed to advisory." *United States v. Shelton*, 400 F.3d 1325, 1331 (11th Cir. 2005).

We conclude from the record that Willis's *Booker* argument is without merit because the district court understood that the Guidelines were advisory and applied them in an advisory fashion.

## II. *Firearm Enhancement under U.S.S.G. § 2D1.1(b)(1)*

"We review the district court's findings of fact under U.S.S.G. § 2D1.1(b)(1) for clear error, and the application of the Sentencing Guidelines to those facts *de novo*." *United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006) (quotation omitted). Section § 2D1.1(b)(1) provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed . . . ." U.S.S.G.

§ 2D1.1(b)(1). The commentary provides that the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.*, comment. (n.3). Interpreting this Guideline and its commentary, we have stated that:

> To justify a firearms enhancement, the government must either establish by a preponderance of the evidence that the firearm was present at the site of the charged conduct or prove that the defendant possessed a firearm during conduct associated with the offense of conviction. If the government is successful in meeting this initial burden, then the evidentiary burden shifts to the defendant, who must demonstrate that a connection between the weapon and the offense was "clearly improbable."

*United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006) (citation omitted), *cert. denied*, 127 S. Ct. 2446 (2007).

We have held that the enhancement is applicable when the firearm is discovered during conduct related to the charged offense, even if it is not present at the site of the charged conduct. *United States v. Smith*, 127 F.3d 1388, 1390 (11th Cir. 1997). We have also held that there is no requirement that the defendant use the firearm to facilitate the commission of the offense. *United States v. Audain*, 254 F.3d 1286, 1289 (11th Cir. 2001). Thus, we have upheld the enhancement where the firearm is discovered with evidence of drug trafficking activity at one location, even though the defendant is arrested or charged with a drug offense at a different location. *See United States v. Hunter*, 172 F.3d 1307, 1308-09 (11th Cir.

4

1999) (upholding the enhancement where the police, two days after arresting Hunter in his car for drug offenses, discovered hundreds of plastic baggies, glass vials, mixing spoons, diluting agents, transaction records, and 5 firearms in his home, which was almost 100 miles away from the location of his arrest).

We conclude from the record that the district court did not err by applying the enhancement under § 2D1.1(b)(1) because law enforcement found the firearm at issue in Willis's home along with substantial evidence of drug trafficking activity. Contrary to Willis's arguments, it is irrelevant under our caselaw that law enforcement did not discover the firearm in the same jurisdiction as the charged conduct and that he did not use the firearm to facilitate any drug transactions. Accordingly, we affirm his sentence.

**AFFIRMED.**