[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11479

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DONALD MATTHEW DELZOPPO,
a.k.a. Roco,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:22-cr-00022-TKW-MJF-1

_____

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Donald Matthew Delzoppo appeals his sentence of 60 months' imprisonment for possession with the intent to distribute cocaine. Delzoppo argues that the district court: (1) incorrectly applied a two-point enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1); and (2) erred by not applying the safety valve because he met the criteria in § 5C1.2(1)–(5). We disagree with Delzoppo on both arguments and, therefore, affirm.[1]

## I.

In reviewing a sentence, we conduct a two-step inquiry, first ensuring that there was no significant procedural error, and then

---

[1] We review a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). We review the district court's findings of fact under U.S.S.G. § 2D1.1(b)(1) for clear error and review de novo the application of the Sentencing Guidelines to those facts. *United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006). "For sentencing purposes, possession of a firearm involves a factual finding." *United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006). So long as the district court's findings are plausible, we will not reverse under clear error review. *United States v. Ladson*, 643 F.3d 1335, 1341 (11th Cir. 2011).

A district court's factual findings and subsequent denial of safety-valve relief are reviewed for clear error. *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997).

examining whether the sentence was substantively reasonable. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).[2]

The district court commits a significant procedural error if it calculates the guidelines incorrectly, fails to consider the § 3553(a) factors, bases the sentence on clearly erroneous facts, neglects to explain the sentence, or treats the guidelines as mandatory rather than advisory. *United States v. Hill*, 643 F.3d 807, 879 (11th Cir. 2011). In general, the district court's explanation of its sentence must articulate enough to satisfy us that it "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The explanation must be adequate "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. The party challenging the sentence has the burden of demonstrating the procedural error in light of the record and the factors outlined in 18 U.S.C. § 3553(a). *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2007).

The Sentencing Guidelines provide for a two-level enhancement in drug cases "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). The commentary for § 2D1.1(b)(1) provides that "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at the

---

[2] Delzoppo's arguments are both procedural challenges, so we don't reach the second prong in this case.

defendant's residence, had an unloaded hunting rifle in the closet." *Id.* § 2D1.1(b)(1), comment. (n.11(A)).[3]

The government may meet its initial burden by showing, by a preponderance of the evidence, that the defendant possessed a weapon during conduct related to the offense of conviction. *United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006). Relevant conduct includes acts that were part of the same course of conduct or plan as the offense of conviction. *United States v. Hunter*, 172 F.3d 1307, 1309 (11th Cir. 1999). The presence of the weapon cannot be merely coincidental, and it must have some purpose or effect with respect to the offense. *United States v. George*, 872 F.3d 1197, 1204 (11th Cir. 2017). We have recognized that proximity between weapons and drugs alone is sufficient for the government to meet its initial burden under § 2D1.1(b)(1). *United States v. Carillo-Ayala*, 713 F.3d 82, 91–92 (11th Cir. 2013). Evidence that a defendant used or could have used a weapon to protect his criminal activity is also sufficient to show a connection between the weapon and the offense and will thus satisfy the government's burden under § 2D1.1(b)(1). *See id.* at 92.

If the government meets this initial burden, the burden shifts to the defendant, who has the opportunity to show that a connection between the weapon and the offense was "clearly

---

[3] "[C]ommentary in the [Sentencing] Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading, of that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

improbable." *Stallings*, 463 F.3d at 1220. Failure to produce such evidence permits a district court to apply the enhancement. *United States v. Hall*, 46 F.3d 62, 63–64 (11th Cir. 1995). The guidelines impose a heavy burden to negate the connection and show that it is clearly improbable. *Carillo-Ayala*, 713 F.3d at 90.

Here, the district court did not err in applying the two-point enhancement based on possession of a dangerous weapon. The district court found that the gun was located next to Delzoppo's bed, in the same room as 20 grams of cocaine, digital scale, and approximately 500 small plastic baggies. This proximity between the gun and drugs is sufficient for the government to meet its initial burden under § 2D1.1(b)(1). *Carillo-Ayala*, 713 F.3d at 91–92.

Moreover, Delzoppo did not meet his burden of showing that the connection between the weapon and his offense conduct was "clearly improbable." *Stallings*, 463 F.3d at 1220. Rather, as the district court noted, "it's probable and, in fact, likely that this gun was possessed in connection with this offense." Thus, the district court did not err in applying the two-point enhancement for possession of a dangerous weapon and adequately explained its reasoning. Accordingly, we affirm in this respect.

## II.

For an offense violating 21 U.S.C. § 841, the safety-valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 enable a district court to disregard the statutory minimum sentence if five requirements are met. U.S.S.G. § 5C1.2(a). Relevant here, the second requirement for safety-valve relief is that the defendant did not

possess a gun "in connection with the offense." 18 U.S.C. § 3553(f)(2); U.S.S.G. § 5C1.2(a)(2). The defendant has the burden of showing that he meets the factors for relief by a preponderance of the evidence. *Carillo-Ayala*, 713 F.3d at 90.[4]

As stated above, our "cases interpreting guidelines that require a 'connection' have consistently recognized that a firearm which facilitates or has the potential to facilitate an offense is possessed 'in connection with' that offense." *Id*. at 93. We, in considering the safety-valve, have held that "[a] firearm found in close proximity to drugs or drug-related items simply '*has*'—without any requirement for additional evidence—the potential to facilitate the drug offense." *Id*. at 92 (emphasis in original). We explained that "[a] defendant seeking relief under the safety valve, despite his possession of a weapon found in proximity to drug-related items, will have a difficult task in showing that, even so, there is no connection with the drug offense so the safety valve applies." *Id*. We further explained that:

> [w]hile other facts, such as whether the firearm is
> loaded, or inside a locked container, might be relevant

---

[4] We have determined that "not all defendants who receive the enhancement under § 2D1.1(b)(1) are precluded from" safety-valve relief. *Id*. at 91. This is due to the distinction in the "clearly improbable" language in § 2D1.1(b)(1) and the preponderance-of-the-evidence standard for § 5C1.2(a)(2). We noted that, if the enhancement applies but the defendant also seeks safety-valve relief, "the district court must determine whether the facts of the case show that a connection between the firearm and the offense, though possible, is not probable." *Id*. (quotation marks omitted). We also noted that "[t]he number of defendants who meet both guidelines will undoubtedly be rare." *Id*.

> to negate a connection, there is a strong presumption that a defendant aware of the weapon's presence will think of using it if his illegal activities are threatened. The firearm's *potential* use is critical. The Sentencing Commission gives special status to guns found in proximity to drugs.

*Id.* (emphasis in original).

Here, the district court did not clearly err in finding that Delzoppo did not qualify for the safety valve because the firearm was in close proximity to the drug paraphernalia, and he failed to show that it was more likely than not that he did not possess a firearm in connection with the offense. *Carillo-Ayala*, 713 F.3d at 92. Although Delzoppo did not carry the firearm when he purchased the cocaine, the firearm still had the potential to facilitate the offense because it was stored near paraphernalia Delzoppo would likely use to distribute it. *Id.* at 96. The district court reasonably found that the gun was connected to the offense. Accordingly, we also affirm in this respect.

**AFFIRMED.**