United States Court of Appeals,

Eleventh Circuit.

No. 96-6717.

UNITED STATES of America, Plaintiff-Appellee,

v.

Carl Anthony COOPER, Defendant-Appellant.

May 5, 1997.

Appeal from the United States District Court for the Northern District of Alabama. (No. CR-96-N-19-NE), Edwin L. Nelson, Judge.

Before BIRCH and CARNES, Circuit Judges, and GODBOLD, Senior Circuit Judge.

GODBOLD, Senior Circuit Judge:

Appellant Carl Anthony Cooper pleaded guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). He challenges his sentence contending that the district court erred by increasing the offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. We vacate the sentence and remand for resentencing.

BACKGROUND

The two-count indictment charged Cooper with conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The charges resulted from a police search of a mini-warehouse rented by Cooper's wife. There police found 903 grams of cocaine powder concealed in a suitcase and $18,000 cash. Later that day Cooper was arrested at his place of employment and consented to a search of his residence, located several miles from the mini-warehouse. That search uncovered $4,000 cash, a key to

the mini-warehouse, suitcases similar to the one containing cocaine, steroids and electronic "bug" detection equipment. Two 9mm pistols were found in a closet at the residence. Cooper was not charged with any offense relating to items found at his home.

Pursuant to a plea agreement, Cooper pleaded guilty to the possession count, and the conspiracy count was dismissed. At sentencing the district court found that the two pistols found at Cooper's residence were related to the drug offense and supported a two-level enhancement of the base offense level pursuant to U.S.S.G. § 2D1.1(b)(1). The court sentenced Cooper to 137 months incarceration and five years supervised release. Cooper appeals. Because the propriety of enhancement is dispositive of the case, we need not address Cooper's other grounds for questioning his sentence.[1]

## DISCUSSION

We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. *U.S. v. Hall,* 46 F.3d 62, 63 (11th Cir.1995).

Sentencing Guideline § 2D1.1(b)(1) provides that a defendant's base offense level is to be increased two levels "if a dangerous weapon (including a firearm) was possessed." The commentary explains that "[t]he adjustment should be applied if the weapon was *present,* unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), comment.

---

[1]Cooper alleged that he did not receive notice of the enhancement for possession of firearms prior to sentencing. He also claimed that the district court erred by failing to rule on his motion for specific performance of the plea agreement.

(n.3)(emphasis added).

The government maintains that enhancement was proper because weapons do not have to be in the same location as the drugs as long as it appears more likely than not that the weapons were related to the drug offense. It relies on the fact that the weapons were found with other offense-related items at Cooper's home. Cooper contends that enhancement was improper because the pistols were found at his residence, whereas the drugs were found off-premises at a mini-warehouse, thus the pistols were not "possessed" for purposes of § 2D1.1(b)(1). We agree.

In *U.S. v. Hall,* 46 F.3d 62, 63 (11th Cir.1995) we stated that § 2D1.1(b)(1) requires the government to show by a preponderance of the evidence that the firearm was present at the site of the charged conduct. Once this showing is made the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable. *Id.*

In this case the government did not establish that the weapons were present at the mini-warehouse, the site of the charged conduct. Therefore, we need not examine the connection between the weapons and the offense. Because the government failed to make a threshold showing that weapons were present for § 2D1.1(b)(1) purposes, its assertion that items found at the home link the weapons to the site of the offense conduct is immaterial.

This case must be distinguished from *Hall* and *U.S. v. Hansley,* 54 F.3d 709, 715-16 (11th Cir.1995) which involved conspiracy charges. In both*Hall* and *Hansley* the prosecution established that

weapons were present because they were found where acts in furtherance of the conspiracies took place.  Cooper was sentenced based only on the possession charge.  The government did not establish that the weapons were present at the site of the offense conduct as required by § 2D1.1(b)(1) and its commentary.  The sentencing court erred by adding two levels to Cooper's base offense level for possession of firearms.

The sentence is VACATED and the case REMANDED for resentencing.