United States Court of Appeals,

Eleventh Circuit.

No. 96-9097.

UNITED STATES of America, Plaintiff-Appellee,

v.

Marlon Jermaine SMITH, Defendant-Appellant.

Nov. 17, 1997.

Appeal from the United States District Court for the Middle District of Georgia. (No. 3:95-CR-16-002-HL), Hugh Lawson, Judge.

Before BLACK, Circuit Judge, and HILL and HENDERSON, Senior Circuit Judges.

PER CURIAM:

Marlon Jermaine Smith appeals the judgment of sentence imposed by the United States District Court for the Middle District of Georgia for his conviction for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). We affirm.

## I. FACTS

In mid-1995, the Athens-Clarke County police received information from a confidential informant that Walter Bonds was involved in selling drugs from his automobile detailing shop in Athens, Georgia. On October 25, 1995, the informant went to the garage seeking to buy crack cocaine. Bonds told the informant that he would send someone to get the drug. At Bonds' direction, Smith then left the garage and traveled to his grandmother's residence at 1732 W. Hancock Street in Athens where he stopped briefly. He returned to the garage with the crack and sold it to the informant. The following day, the informant returned to the garage to purchase more of the drug. Bonds told her he would have Smith deliver the cocaine to her. Smith arrived shortly thereafter and sold the informant approximately one ounce of crack cocaine.

As a result of these activities, Bonds and Smith were indicted by a grand jury on November 30, 1995. The indictment charged them with one count of conspiracy to distribute crack in violation of 21 U.S.C. § 846 and two counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). Later, on January 16, 1996, police agents staked out the house on W. Hancock Street for

the purpose of arresting Smith. Shortly thereafter, Smith arrived, got out of his car and walked around to the back of the house. He returned quickly and drove away. The agents followed, stopped and arrested him a few blocks from the residence. At the time of the arrest, the agents found a loaded .380 semi-automatic gun on the driver's seat. A passenger in the car also had a loaded gun in his jacket. A search of the car disclosed a Crown Royal bag containing a rock of crack cocaine and a half-smoked marijuana cigarette. The agents then returned to the house on W. Hancock Street and obtained the consent of Smith's grandmother to search the premises. They found eight slabs of crack cocaine in an old metal cabinet behind the house. That cocaine was in another Crown Royal bag. Based on this discovery, a superseding indictment was returned adding a fourth count for possession with intent to distribute crack cocaine on January 16, 1996, in violation of 21 U.S.C. § 841(a)(1).

Smith pleaded guilty to Count Two of the indictment dealing with the October 25, 1995 sale of cocaine. The presentence investigation report recommended a two-level enhancement of his base offense score permitted by U.S.S.G. § 2D1.1(b)(1) for possession of the firearm found on the seat beside him at the time of his arrest on January 16, 1996. Smith argued that the enhancement was improper because the gun had not been in his possession at the time of the October 25, 1995 transaction. The government contended that possession of the gun was part of the same course of conduct and that the sentence was properly enhanced because of this pattern of behavior. The district court overruled Smith's objection, added two levels to his base offense, and sentenced him to 72 months in prison.

## II. STANDARD OF REVIEW

We review the district court's application of the Sentencing Guidelines *de novo* and its findings of fact for clear error. *U.S. v. Hall,* 46 F.3d 62, 63 (11th Cir.1995).

## III. DISCUSSION

On appeal, the only issue before us is whether the district court erred in enhancing Smith's base offense score by two levels for possession of a firearm as provided in U.S.S.G. § 2D1.1(b)(1).

Prior to November 1991, § 2D1.1(b)(1) authorized a two-level enhancement "if a firearm or other dangerous weapon was possessed during commission of the offense...." Applying this version of the guideline, a panel of this court held that the weapon must be possessed during the offense of conviction, not just during the period of the defendant's relevant conduct. *U.S. v. Bennett,* 928 F.2d 1548, 1557 (11th Cir.1991). In November 1991, however, the guideline was amended to delete the restriction that the weapon must be possessed during the offense of conviction. This court has not expressly addressed the effect of this amendment on its decision in *Bennett.*[1]

Other courts of appeals have found that the enhancement is now authorized if the weapon was possessed during the offense of conviction *or* during related relevant conduct. *See U.S. v. Wetwattana,* 94 F.3d 280, 284 n. 6 (7th Cir.1996); *see also U.S. v. Ortega,* 94 F.3d 764, 767-68 (2d Cir.1996); *U.S. v. Vital,* 68 F.3d 114, 119 (5th Cir.1995); *U.S. v. Roederer,* 11 F.3d 973, 982 (10th Cir.1993); *U.S. v. Falesbork,* 5 F.3d 715, 721 (4th Cir.1993). The Seventh Circuit Court of Appeals has held that "the criminal defendant who pleads guilty to a single-offense narcotics transaction is now fair game for the application of the rules of relevant conduct to the weapons enhancement, even if the conspiracy count is dismissed." *U.S. v. Mumford,* 25 F.3d 461, 469 (7th Cir.1994). We agree with this reasoning and hold that the enhancement is to be applied whenever a firearm is possessed during conduct relevant to the offense of conviction.

Relevant conduct includes acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction...." U.S.S.G. § 1B1.3(a)(2). As the Fifth Circuit Court of Appeals has noted, the circumstances of the defendant's arrest, if of the same nature as the offense of conviction, is "relevant conduct for sentencing purposes." *Vital,* 68 F.3d at 119. In this case, the

---

[1]After the parties filed their briefs in this appeal, another panel of our court decided *U.S. v. Cooper,* 111 F.3d 845 (11th Cir.1997). The court held that § 2D1.1(b)(1) requires "the government to show by a preponderance of the evidence that the firearm was present at the site of the charged conduct." *Id.* at 847. However, a closer examination of *Cooper* reveals a material difference in the operative facts in that case and those surrounding the events here. In *Cooper,* the firearms were not on the defendant's person when he was arrested nor were they found in proximity to the drugs. They, therefore, lacked the necessary connection to the defendant and the crime to which he pled guilty to support application of the enhancement. In this case, Smith had the weapon and a small quantity of drugs with him at the time of his arrest.

superseding indictment charged Smith with possession with intent to distribute crack cocaine on January 16, 1996, the day he was arrested. This is clearly relevant conduct for purposes of applying any sentencing enhancements. Since Smith had a firearm on him at the time he was arrested, he possessed a firearm within the meaning of § 2D1.1(b)(1). Therefore, the district court did not err in enhancing the sentence in this case.

The judgment of the district court is AFFIRMED.