FARRIS, Senior Circuit Judge:
Background
Michael Jon Hunter was convicted of four counts of possession of narcotics with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He pled guilty and was sentenced to 57 months in prison.
Hunter was arrested after selling several grams of amphetamine to a confidential informant of the Prattville, Alabama Police Department. The transaction took place from Hunter’s automobile, where he was arrested while preparing to inject himself with a controlled substance. A subsequent search of the automobile yielded significant quantities of drugs, cash, and records of drug transactions. Two days later, authorities searched Hunter’s home, which was located almost 100 miles away from the scene of the arrest. This search yielded no drugs, but hundreds of plastic baggies, over a hundred glass vials, mixing spoons, diluting agents, transaction records, and five firearms were recovered. As a result, Hunter was also charged with being a felon in possession of a firearm.
The sentencing court found that the evidence recovered from Hunter’s home demonstrated he was engaging in drug trafficking from his home, and such conduct was relevant to sentencing. United States v. Hunter, 980 F.Supp. 1439, 1445-47 (M.D.Ala.1997). The court concluded it could group the four drug charges with the gun charge under U.S.S.G. § 3D1.2, which provides that “[a]ll counts involving substantially the same harm shall be grouped together.” Multiple counts involve substantially the same harm “[wjhen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.” U.S.S.G. § 3D1.2(c). A firearm is a specific offense characteristic of a drug count under § 2D1.1(b)(1). Since the gun in the instant case was found 100 miles from the scene of the conduct for which Hunter was charged, we must decide whether that gun involves substantially the same harm as the other charges. Hunter challenges only the propriety of grouping these counts, which led to his sentence of 57 months.
Discussion
The district court’s findings of fact are reviewed for clear error, and its conclusions of law, including application of the sentencing guidelines, are reviewed de novo. United States v. Smith, 127 F.3d 1388, 1389 (11th Cir.1997).
Specific offense characteristic enhancements under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm are statutorily proper “[i]f a dangerous weapon was pos *1309 sessed.” There are two recent Eleventh Circuit cases discussing “possession” in this context. In United States v. Cooper, 111 F.3d 845 (11th Cir.1997), the defendant was charged with drug trafficking offenses based on drugs found in a warehouse. Id. at 846. When police searched Cooper’s house several miles from the warehouse, they found cash, a key to the warehouse, a suitcase similar to that in which the drugs were stored, and two guns. Id. We vacated a district court determination that the firearms were possessed in relation to the drug offense . and stated that “§ 2D1.1(b)(1) requires the government to show by a preponderance of the evidence that the firearm was present at the site of the charged conduct.” Id. at 847 (citing United States v. Hall, 46 F.3d 62, 63 (11th Cir.1995)). Since the weapons were found at Cooper’s home, not “at the site of the offense conduct as required by § 2D1.1(b)(1) and its commentary,” the enhancement was improper. Id. at 847.
We decided the second case, United States v. Smith, 127 F.3d 1388 (11th Cir.1997), subsequent to Hunter’s sentencing. In Smith, we found that a firearm enhancement is “authorized if the weapon was possessed during the offense of conviction or during related relevant conduct." Id. at 1390 (emphasis added). We further held “that the enhancement is to be applied whenever a firearm is possessed during conduct relevant to the offense of conviction.” Id. (citing authority from the Second, Fourth, Fifth, Seventh, and Tenth Circuits). Smith had sold cocaine to an informant and been observed obtaining the drag from a metal cabinet. Id. at 1389. Several weeks after the sale for which he was indicted, Smith was again observed retrieving drugs from the cabinet and was arrested after driving away. Id. He had a loaded gun on the car seat next to him and cocaine in a bag. Id. We considered this “relevant conduct” to the charged offense and applied a firearm enhancement. Id. at 1390. We factually distinguished Cooper by noting that Smith had the firearm with him when he was arrested whereas in Cooper the firearm was neither on the defendant’s person nor found in proximity to the drugs. Id. at 1390 n. 1.
Despite arguable inconsistencies, Cooper and Smith yield consistent holdings. In Cooper, we stated that an enhancement is proper where the firearm was “present at the site of the charged conduct.” Cooper, 111 F.3d at 847 (citing United States v. Hall, 46 F.3d 62, 63 (11th Cir.1995)). Recognizing the 1991 Sentencing Guideline amendment deleting the restriction that the weapon must be possessed during the offense of conviction, we recently clarified our statement from Cooper. In Smith, we found that a firearm enhancement is “to be applied whenever a firearm is possessed during conduct relevant to the offense of conviction.” Smith, 127 F.3d at 1390 (citing authority from the Second, Fourth, Fifth, Seventh, and Tenth Circuits). We therefore clarified that “site of the charged conduct” includes conduct relevant to the offense of conviction, that is, acts “that were part of the same course of conduct or common scheme or plan as the offense of conviction.” Id. (citing U.S.S.G. § 1B1.3(a)(2)).
Although decided prior to Smith, the sentence imposed by the district court is consistent with these holdings. The district court found that in Cooper, unlike the instant case, the Eleventh Circuit was not required to reach the question of whether relevant conduct occurring where the weapons were found could support an enhancement of the drug offense because it characterized the suitcase, cash, and warehouse key as insufficient evidence of drug transactions in the home. Hunter, 980 F.Supp. at 1446. In contrast, it found the paraphernalia recovered from Hunter’s home to be sufficient evidence of conduct related to the offense of conviction. Id. This is in line with our holding in Smith.
There was ample evidence in the instant case for the district court to conclude that the drag paraphernalia found in Hunter’s home was part of the same course of conduct (i.e. possession with intent to distribute) for which he was charged and convict *1310 ed. Its statements as to the enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) were proper.
AFFIRMED.