CARNES, Circuit Judge,
concurring:
The opinion in United States v. Cooper, 111 F.3d 845, 847 (11th Cir.1997), says that “§ 2D1.1(b)(1) requires the government to show by a preponderance of the evidence that the firearm was present at the site of the charged conduct.” The government did not and could not show that in this case, yet the district court applied the § 2D1.1(b)(1) dangerous weapon enhancement. If the quoted language from the Cooper opinion was a holding, we would be required to vacate the sentence in this case and remand for resentencing without the enhancement.
We would be required to do that, because under our circuit’s operating law, we must follow the holding of a prior panel even if we believe it is wrong. See, e.g., Wascura v. Carver, 169 F.3d 683 (11th Cir.1999)(noting that we had no occasion to pass on a party’s criticism of a prior panel’s decision, because “we are bound by the [prior] decision regardless of whether we agree with it”); United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir.1998) (“Under our prior panel precedent rule, a panel cannot overrule a prior one’s holding even though convinced it is wrong.”).
But while the prior precedent rule requires us to follow the holding of an earlier decision, it does not require us to follow the language of the accompanying opinion that is unnecessary to the decision, i.e., we are not required to follow dicta. See, e.g., McNely v. Ocala Star-Banner Corp., 99 F.3d 1068, 1077 (11th Cir.1996) (“we are not required to follow dicta contained in our own precedents”); Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller, 957 F.2d 1575, 1578 (11th Cir.1992)(what is said in a prior opinion about a question not presented there is dicta, and dicta is not binding precedent, so a later panel is “free to give that question fresh consideration”); see also McDonald’s Corp. v. Robertson, 147 F.3d 1301, 1315 (11th Cir.1998)(Carnes, J., concurring) (explaining why “dicta in our opinions is not binding on anyone for any purpose”). The question, then, is what is the Cooper holding, and what is merely dicta. More specifically, the question is did Cooper hold that possession of a dangerous weapon during relevant conduct away from the site of the offense conduct could not support a § 2D1.1(b)(1) dangerous weapon enhancement?
The answer is Cooper did not and could not have held that, because the issue was not presented by the facts in Cooper. The holdings of a prior decision can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision. There was no proof the weapons found away from the site of the charged conduct in Cooper were possessed during relevant conduct, so the panel in that case did not have before it the issue of whether possession during relevant conduct could satisfy § 2D1.1(b)(1). It is true that the Cooper opinion says that the possession must be at the site of the charged conduct for the enhancement to be applicable, and that statement certainly implies possession off-site during relevant conduct is insufficient. But that implication is only dicta, because it is not necessary to the result the Court reached in the case. See, e.g., American Bank and Trust Co. v. Dallas County, 463 U.S. 855, 871, 103 S.Ct. 3369, 3379, 77 L.Ed.2d 1072 (1983)(statements in an opinion not necessary to the decision of the case are dicta); United States v. Eggersdorf, 126 F.3d 1318, 1322 n. 4 (11th Cir.1997) (language in an opinion “not necessary to deciding the case then before us” is dicta). Because any statement or implication in Cooper about possession during off-site relevant conduct is dicta, we are “free to give that question fresh consideration,” Great Lakes Dredge & Dock Co., 957 F.2d at 1578.[1]
*1311 Giving the question fresh consideration, I agree with the majority that possession of a dangerous weapon during relevant conduct is sufficient for § 2D1.1(b)(1) purposes, even when the weapon was not also possessed at the site of the charged conduct. By so holding, we give meaning to the 1991 amendment to the guidelines that deleted from § 2D1.1(b)(1) the requirement the weapon be possessed during the offense of conviction, see United States v. Smith, 127 F.3d 1388, 1389-90 (11th Cir.l997)(discussing Amendment No. 394 and its effect), and we align ourselves with the at least six other circuits that have reached the same conclusion, see David v. United States, 134 F.3d 470, 476-77 (1st Cir.1998); United States v. Wetwattana, 94 F.3d 280, 284 n. 6 (7th Cir.1996); United States v. Ortega, 94 F.3d 764, 767-68 (2d Cir.1996); United States v. Vital, 68 F.3d 114, 119 (5th Cir.1995); United States v. Roederer, 11 F.3d 973, 982 (10th Cir.1993); United States v. Falesbork, 5 F.3d 715, 721 (4th Cir.1993); United States v. Willard, 919 F.2d 606, 609-10 (9th Cir.1990).

. The opinion in Cooper cites identical language from United States v. Hall, 46 F.3d 62, 63 (11th Cir.1995), but that earlier language is itself dicta insofar as the present issue is *1311 concerned, because the firearm in Hall was at the site of the charged conduct. Two layers of dicta cannot do what one does not — bind a later panel.