[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11358
Non-Argument Calendar

_____

D. C. Docket No. 05-00267-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 2, 2006)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Benjamin Smith pled guilty in the district

court to one count, Count Two, of a four-count indictment. Count Two charged him with possession of a quantity of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The plea agreement contained a provision that the court, in fashioning Smith's sentence, could consider Counts One, Three and Four as well as "all of the defendant's conduct related to [Count Two]." The court sentenced Smith to prison for a term of 90 months. He now appeals his sentence.

Smith contends that the district court clearly erred by enhancing his base offense level by two levels based on the presence of a firearm connected to the offense. He also contends that the court acted contrary to the holdings of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by attributing to him drugs seized from Darrell Gregory, a co-defendant. Finally, Smith asserts that his sentence was not reasonable.

I.

We "review[] the district court's factual findings for clear error and its application of the [s]entencing [g]uidelines to those facts de novo. Pursuant to U.S.S.G. § 2D1.1(b)(1), if a defendant possessed a dangerous weapon during a drug-trafficking offense, his offense level should be increased by two levels." United States v. Audain, 254 F.3d 1286, 1289 (11th Cir. 2001). Section 2D1.1(b)(1) requires a two step process. First, "the government [must] show by a

preponderance of the evidence that the firearm was present at the site of the charged conduct." United States v. Cooper, 111 F.3d 845, 847 (11th Cir. 1997) (citing United States v. Hall, 46 F.3d 62, 63 (11th Cir.1995)). If the government carries its evidentiary burden, the burden "shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable." United States v. Fields, 408 F.3d 1356, 1359 (11th Cir.) (quoting Hall, 46 F.3d at 63), cert. denied, 126 S.Ct. 221 (2005). The enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment 3.

Significantly, "[t]his enhancement may be applied when a firearm is possessed by a co-conspirator." Fields, 408 F.3d at 1359. "[F]or a § 2D1.1(b)(1) firearms enhancement for co-conspirator possession to be applied to a convicted defendant, the government must prove by a preponderance of the evidence: (1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance of the conspiracy, (3) the defendant was a member of the conspiracy at the time of possession, and (4) the co-conspirator possession was reasonably foreseeable by the defendant." Id. (quoting United States v. Gallo, 195 F.3d 1278, 1284 (11th Cir. 1999)).

We find no clear error in the court's application of § 2D1.1(b)(1). The

3

record reveals that three firearms were found in Smith's residence at the time of his arrest and the seizure of the amphetamine: a Rohm revolver, found in the kitchen; a Jiminez pistol, found in Gregory's gym bag under a coffee table in the living room; and an antique and inoperable shotgun found by the fireplace. Amphetamine was found on Smith's person, in his vehicle, and in Gregory's gym bag, along with clothes and other items belonging to Gregory. At the sentencing hearing, the government conceded that it could not prove that the Rohm revolver was loaded, but the parties agreed that the Jiminez pistol was loaded.

The district court did not base Smith's enhancement on the shotgun, so Smith's argument as to it is of no moment. The court did, however, appear to accept either of the other two guns as justifying the enhancement. Smith contends that the court could not have used the Rohm revolver because it was: (1) not acquired in connection with the offense; (2) never used in connection with the offense; and (3) found essentially where he always stored it in his home.

While this may explain Smith's possession of the Rohm revolver to an extent, it does not make it clearly improbable that the gun was "connected to the offense." Notably, we have never held that an unloaded firearm cannot support this enhancement. In short, the government carried its burden of showing that the gun was "present at the site of the charged conduct," Cooper, 111 F.3d at 847, and

4

Smith failed to carry his burden of showing that it was "clearly improbable that the weapon was connected with the offense," U.S.S.G. § 2D1.1(b)(1). Accordingly, the court did not clearly err by basing the enhancement on the Rohm revolver.

Moreover, a preponderance of the evidence established that: (1) Gregory was a co-conspirator; (2) Gregory possessed the Jiminez pistol "in furtherance of the conspiracy"; (3) Smith "was a member of the conspiracy at [that] time"; and (4) Gregory's "possession was reasonably foreseeable by [Smith]." Fields, 408 F.3d at 1359. In fact, Smith admitted to seeing Gregory use a firearm in connection with his drug dealings. Thus, the court also did not clearly err to the extent that it based its decision on the Jiminez pistol.

For all these reasons, the district court did not clearly err in enhancing Smith's base offense level by two levels.

## II.

Smith contends that the district court infringed his constitutional rights by increasing his sentence based on uncharged conduct that he had not admitted to, namely: possessing the drugs found in Gregory's gym bag. Further, Smith notes that he and Gregory were not charged with conspiracy.

In Booker, the Supreme Court recognized that a defendant's Sixth Amendment rights were denied when, under a mandatory guidelines system, a

5

judge enhanced his sentence based on facts not found by a jury or admitted by the defendant.  Booker, 543 U.S. at 245, 125 S.Ct. at 756.  The Supreme Court remedied this problem by making the guidelines advisory only.  Id. at 245, 125 S.Ct. at 756-57.  Accordingly, after Booker, a sentencing court may find facts not found by a jury nor admitted by the defendant and use them in fashioning a sentence.  United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005).  "[S]entencing courts may consider both uncharged and acquitted conduct in determining the appropriate sentence."  United States v. Hamaker, 455 F.3d 1316, 1336 (11th Cir. 2006).

We find no constitutional error here.  What Smith is asking us to do is create new law.  Given that we are bound to follow Supreme Court precedent, we are powerless to do that.  United States v. Greer, 440 F.3d 1267, 1275-76 (11th Cir. 2006).  Further, we are bound by the decisions of previous panels of this court.  United States v. Hogan, 986 F.2d 1364, 1369 (11th Cir. 1993).  Thus, as existing precedent clearly dictates that the district court could constitutionally consider the uncharged drug amounts found in Gregory's gym bag in calculating Smith's offense level, his argument in this regard is meritless.  Chau, 426 F.3d at 1323-24.

III.

"After the district court has accurately calculated the [g]uideline range, it

6

may impose a more severe or more lenient sentence that we review for reasonableness." United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005) (quotation marks omitted). Such review is deferential, requiring us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in [§ 3553(a)]." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "There is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory [g]uidelines range, we ordinarily will expect that choice to be a reasonable one." Id. Finally, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the [§ 3553(a)] factors or to discuss each of the [§ 3553(a)] factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

The court did not state on the record that it had considered the § 3553(a) sentencing factors even though Smith had essentially reminded the court that it had to consider them in arriving at his sentence. As the court was not required to state that it had considered § 3553(a), however, its failure to do so is not error. Smith's sentence is within the guidelines sentence range and well below the 20-year statutory maximum, 21 U.S.C. § 841(b)(1)(C), and there is no indication that it "fails to achieve the purposes of sentencing as stated in [§ 3553(a)]." Talley, 431

7

F.3d at 788. This is especially true given the large amount of drugs and the two firearms involved in this case.

AFFIRMED.