[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13838
Non-Argument Calendar

_____

D. C. Docket No. 05-00528-CR-T-30-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

APOLINAR AGUILAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 24, 2007)**

Before BIRCH, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Apolinar Aguilar appeals his 87-month sentence following his guilty plea to

one count of conspiracy to distribute and possess cocaine and three counts of possession with intent to distribute cocaine. Aguilar argues that the district court erred when it enhanced his sentence by two levels under section 2D1.1(b)(1) of the Federal Sentencing Guidelines for possessing a firearm. We affirm.

Using wiretaps during an investigation of a large cocaine and marijuana distribution organization, law enforcement officers recorded Aguilar engaging in drug-related conversations. With the assistance of a confidential source, law enforcement officers also made a number of cocaine purchases from Aguilar at his house and in a shed at the rear of his home in the fall and winter of 2005. On December 16, 2005, officers executed a search warrant at Aguilar's residence and found $7,416 cash, a kilogram press, and a digital scale in the living room, 1,337.5 grams of cocaine hidden throughout the residence, multiple cell phones throughout the residence, and a loaded Tech 9 pistol and ammunition in the bathroom.

The probation officer found that Aguilar qualified for a two-level enhancement for the possession of a firearm. U.S.S.G. § 2D1.1(b)(1). Aguilar objected to the enhancement. At the sentencing hearing, Aguilar argued that the firearm found in the house was not related to his criminal activity but was for personal safety. He submitted evidence that his fiancée had been the victim of a purse-snatching and a burglary. The district court found that Aguilar possessed the

2

gun and that it was related to his criminal activity. The court stated, "The sales were made from the home, and to me that's a connection between selling from the home and a loaded gun being in the home."

We review the factual findings of the district court for clear error and review de novo the application of the Sentencing Guidelines to those facts. United States v. Audain, 254 F.3d 1286, 1289 (11th Cir. 2001).

The Sentencing Guidelines add two levels to the base offense level "if a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." United States. v. Cooper, 111 F.3d 845 (11th Cir. 1997) (quoting U.S.S.G. § 2D1.1(b)(1) cmt. n.3). After the government proves by a preponderance of the evidence that a firearm was present at the site of the charged conduct, the burden shifts to the defendant to show "that the connection between the weapon and the offense was 'clearly improbable.'" Audain, 254 F.3d at 1289 (quoting United States v. Hall, 46 F.3d 62, 63 (11th Cir. 1995)).

Aguilar argues that the government failed to establish that the firearm was present at the site of the charged conduct because the firearm was in the bathroom and not with any other drug paraphernalia. We disagree. When a handgun is

3

found at a defendant's home and the home is the location of the charged activity, then the firearm is "present." See, e.g., Hall, 46 F.3d at 63; United States v. Hansley, 54 F.3d 709, 716 (11th Cir. 1995). Cf. Cooper, 111 F.3d at 847 ("In both Hall and Hansley the prosecution established that weapons were present because they were found where acts in furtherance of the conspiracies took place."). The record provides evidence that Aguilar's criminal activity was not limited to any one room of the house. The cell phones Aguilar used in furtherance of the conspiracy and Aguilar's cocaine were scattered throughout the residence.

Aguilar also argues that the district court erred by not finding that the connection between the gun and the offense was "clearly improbable." Again, we disagree. Although Aguilar's fiancée had been the victim of burglary, the record does not establish that she owned the gun, used the gun for protection, or that the gun was purchased and maintained for her personal safety. In fact, there is no evidence in the record of who purchased the gun or when the gun was purchased. The district court did not err in finding that Aguilar failed to prove that the connection between the gun and the offense was "clearly improbable."

Aguilar's sentence is **AFFIRMED**.