[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————

No. 07-12687

————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 19, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00232 CR-02-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOANG NGUYEN,
a.k.a. Hoang S. Nguyen,
TERRI NGUYEN,

Defendants-Appellants.

————

Appeals from the United States District Court
for the Northern District of Georgia

————

**(September 19, 2008)**

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

A federal petit jury in the United States District Court for the Northern District of Georgia found Hoang Nguyen ("Hoang") and Terri Nguyen ("Terri") guilty of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1), 1957 and 1956(h). Hoang appeals his sentence, and Terri appeals her conviction and her sentence.

The issues presented on appeal are (1) whether there was sufficient evidence to support Terri's conviction of conspiracy to commit money laundering; (2) whether the district court erred in giving a deliberate ignorance jury instruction; (3) whether the district court clearly erred in calculating the value of funds laundered to be in excess of $7 million when determining Hoang's sentence; (4) (a) whether Hoang's sentence of 235 months is substantively reasonable, and (b) whether Hoang's sentence should be affirmed despite the district court's erroneous belief that Hoang was convicted of Count 34, when he was not; and (5) whether the district court clearly erred in denying Terri a four-level minimal role reduction.

This court reviews sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict. *United States v. Fisher*, 168 F.3d 1273, 1276 (11th Cir. 1999). "The test is identical whether the evidence is direct or circumstantial, and no distinction is to be made between the

weight given to either direct or circumstantial evidence." *United States v. Awan*, 966 F.2d 1415, 1434 (11th Cir. 1992).

Jury instructions are reviewed *de novo* and are considered as a whole. *United States v. Stone*, 9 F.3d 934, 937 (11th Cir. 1993).

This court reviews findings of fact regarding sentencing for clear error, and the application of the law to these facts *de novo*. *United States v. Cooper*, 111 F.3d 845, 846 (11th Cir. 1997). The district court's determination of the amount of loss attributable to a defendant is a finding of fact that is reviewed for clear error. *United States v. Cabrera*, 172 F.3d 1287, 1292 (11th Cir. 1999).

Pursuant to *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), this court reviews a district court's sentence, imposed after consulting the Guidelines and considering the factors set forth at 18 U.S.C § 3553(a), for reasonableness. *United States v. Williams*, 435 F.3d 1350, 1353 (11th Cir. 2006). This court reviews whether a district court used an impermissible factor in sentencing the defendant *de novo*. *Id.* at 360.

We review a district court's determination of the role of a defendant in the offense for clear error. *United States v. De Varon*, 175 F.3d 930, 937-38 (11th Cir. 1999) (en banc).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we first conclude that the evidence was more than sufficient to support Terri's conviction for conspiracy to launder money. The record demonstrates that Terri was an active participant in the conspiracy. All of her arguments to the contrary are meritless. Second, Hoang and Terri's suggestion that the deliberate ignorance charge was error is also wrong. Because the record contains evidence to support inferences of both actual knowledge and deliberate ignorance, we conclude that the instruction was proper. Moreover, even if the district court erred in giving the instruction, we conclude that it would be harmless error.

We next conclude that the district court did not clearly err when it calculated the value of the funds that Hoang laundered. First, the parties do not dispute funds totaling $4,580,304 that were attributed to Hoang. Second, we conclude that the district court did not clearly err in attributing to Hoang $400,000 based on a January 3, 2004, telephone conversation and $2,025,000 based on money transfer documents obtained from his residence and two money remitters. Specific evidence supported the inclusion of the $400,000 as intended loss attributable to Hoang. Moreover, the $2,025,000 was properly attributable to Hoang because the related money transfers constituted foreseeable acts of co-

4

conspirators within the scope of criminal activity that Hoang agreed to undertake. Therefore, the district court did not clearly err in holding Hoang responsible for the laundered funds he disputes on appeal, totaling $2,425,000, and when those funds are added to uncontested funds, the total comes to $7,005,304.

Similarly, Hoang fails to show that his 235-month sentence was unreasonable. Hoang was not similarly situated to co-conspirators who received lesser sentences. Furthermore, the record demonstrates that the district court considered the 18 U.S.C. § 3553(a) factors, and Hoang's sentence fell at the low end of the advisory sentencing guideline range.

Finally, the record demonstrates that Terri's two-level downward adjustment for a minor role constituted the full adjustment to which she was entitled. Although Terri argues that she was entitled to four levels instead of two, the facts found by the district court, reviewed for clear error, support the district court's finding that Terri was not entitled to a four-level decrease as a minimal participant.

For the above-stated reasons, we affirm Terri's conviction and sentence and Hoang's sentence.

**AFFIRMED and REMANDED.**[1]

---

[1]Although Hoang did not raised the issue until the government brought it to our attention, we conclude from the record that the district court erred by sentencing Hoag to serve a 120-month term of imprisonment for violating 18 U.S.C. § 1957 as alleged in Count 34, a count for which the jury did not return a verdict. The appropriate remedy in such a situation is to remand the case to the district court with a directive to amend the judgment to reflect a sentence for Count 1 only.