[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10049
Non-Argument Calendar

_____

D. C. Docket No. 07-00310-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLTON ROLAND HUNTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 18, 2009)

Before BIRCH, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Carlton Roland Hunter appeals his life sentence imposed for convictions

stemming from an armed bank robbery. He presents two arguments. First, Hunter contends that the district court incorrectly determined that he was subject to a mandatory minimum sentence of life imprisonment, pursuant to 18 U.S.C. § 3559(c)(1)[1], due to his three previous serious violent felony convictions. Hunter maintains that he provided the requisite clear and convincing evidence to establish two of his three past convictions as "non-qualifying felonies" within the meaning of 18 U.S.C. § 3559(c)(3)(A). Second, Hunter argues that 18 U.S.C. § 3559(c)'s burden-shifting arrangement and standard of proof are violative of the Constitution's Due Process Clause. We find both arguments to be without merit and AFFIRM.

## I. BACKGROUND

Hunter was charged in a superseding indictment with (1) one count of armed robbery; (2) two counts of use of a firearm during a crime of violence; and (3) one count of possession of a firearm by a convicted felon. See R1-60 at 1-3. He pled guilty to all of the counts in the indictment. See R6 at 3-24.

After applying the career offender guideline enhancement, the probation officer preparing the pre-sentence investigation report ("PSI") assigned Hunter an offense level of 34 and a criminal history category of VI. The probation officer

---

[1] Also known as the "three strikes" statute. See United States v. Gray, 260 F.3d 1267, 1270 (11th Cir. 2001).

then examined Hunter's criminal history in more detail and noted several pertinent convictions in the PSI: (1) a 1983 Georgia conviction for armed robbery; (2) 1988 Virginia convictions for robbery, use of a firearm in committing robbery, and felonious abduction (each in a separate count); and (3) a 1993 Georgia conviction for armed robbery and kidnaping.

The probation officer also provided a factual description of each of Hunter's previous convictions detailed in the PSI. With regard to Hunter's 1983 conviction, the PSI stated that Hunter stole a number of items from a victim by intimidating her with a pocket knife. The PSI reported the facts underlying Hunter's 1988 convictions as follows: Hunter and a codefendant approached a truck driver at a rest area, intimidated him into driving them to their broken-down car, and then stole the victim's vehicle and his wallet, leaving him behind with their disabled car. Finally, the facts underlying Hunter's 1993 conviction indicated that Hunter and a codefendant kidnaped and robbed a victim at gunpoint. The probation officer determined that these prior convictions triggered a mandatory minimum sentence of life imprisonment.

In his written response to the PSI, Hunter objected to his career offender guideline enhancement. He did not make an argument concerning the factual statements of the PSI or the mandatory minimum life sentence, although he did

3

indicate that he would challenge the application of the mandatory life sentence.

At the beginning of the sentencing hearing, the district court adopted the factual statements of the PSI, noting that "no objection ha[d] been made." R7 at 3-4. Hunter then addressed the application of 18 U.S.C. § 3559 and the resulting mandatory minimum term of life imprisonment. See id. at 10. He noted that his 1993 Georgia conviction for armed robbery and kidnaping was overturned on appeal. Hunter related that on remand, he pled guilty to the lesser included offense of robbery, with the remaining charges being dismissed. See id.

Hunter also provided testimony about his prior convictions. See id. at 11-24. With regard to the 1988 conviction, Hunter testified that he was riding in a car with his girlfriend and a friend when the car broke down. See id. at 13. Hunter's friend went to get help and "came back with a guy in a truck." Id. at 13. The truck driver remained with the broken-down car while everyone else got into the truck and left. See id. Hunter testified that he never personally threatened the truck driver and that he pled guilty only because he believed that he was responsible for his friend's conduct under the law. See id. at 14.

Hunter then testified about the 1993 conviction and about how that conviction was overturned, ultimately resulting in his plea to a lesser included offense of robbery. See id. at 14-16. Hunter testified that he did not actually

commit any crimes that would form the basis for this conviction. Id. at 15-16. On cross-examination, however, Hunter authenticated certified copies of his convictions previously introduced by the government and admitted that at the time he committed the offenses forming the basis for his guilty plea in this case, he already had been convicted of three serious violent felonies. See id. at 22-24.

After Hunter's testimony, he made an additional objection concerning the constitutionality of the burden-shifting provisions of 18 U.S.C. § 3559. See id. at 25. Hunter then argued that § 3559 was not applicable to his sentence because he had proven, through his testimony, that no firearm was involved in either his 1988 or 1993 convictions. See id. at 25-26. Consequently, Hunter claimed that his 1988 and 1993 convictions were non-qualifying felonies as defined in 18 U.S.C. § 3559(c)(3)(A)(i).

The district court ultimately found that although "the penalty in this case is going to be a harsh one . . . no other penalty . . . is authorized under the statute." Id. at 31. Then, relying on Hunter's 1983, 1988, and 1993 convictions, the court determined that Hunter was subject to a mandatory minimum term of life imprisonment, and it sentenced him accordingly.[2] See id. at 31-32, 36.

---

[2] The district court sentenced Hunter to life imprisonment on count 1, a term of eighty-four months on count 2, a term of 180 months on count 4, all to be served concurrently, and 120 months on count 3 to be served consecutively to counts 1, 2, and 4. See id. at 36. The district court also imposed a special assessment of $400 and supervised release for five years on each

## II. DISCUSSION

In considering sentencing issues, we review the district court's findings of fact for clear error, and its conclusions of law de novo. See United States v. Hunter, 172 F.3d 1307, 1308 (11th Cir. 1999). We have had occasion to discuss the "three strikes" statute before. "Under the three strikes statute, 18 U.S.C. § 3559(c)(1), a defendant receives mandatory life imprisonment if he is convicted of a serious violent felony and has previously been convicted of two or more such felonies." Gray, 260 F.3d at 1277. The statute, we have noted, "contains a disqualification provision, or an affirmative defense, that provides a defendant with an opportunity to prove that an otherwise qualifying conviction does not constitute a strike under the statute. Id. at 1278 (quotation marks omitted). In cases involving robbery, for instance, the defendant must establish by clear and convincing evidence that: (1) "no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense;" and (2) "the offense did not result in death or serious bodily injury . . . to any person." 18 U.S.C. § 3559(c)(3)(A)(i), (ii).

Hunter does not challenge the district court's finding that his conviction in this case, as well as his 1983, 1988, and 1993 convictions, constitute serious

count to run concurrently. See id. at 36-37.

violent felonies.  Nor does he challenge the court's determination that his 1983

conviction constitutes a predicate conviction for § 3559 purposes.  Instead,

Hunter's argument hinges on whether he has satisfied the requirements of the

disqualification provision with regard to his 1988 and 1993 convictions.

It is undisputed that Hunter pled guilty to armed robbery, use of a firearm in

committing the robbery, and felonious abduction[3] in 1988.  Indeed, Hunter

conceded as much under cross-examination in this case.  See R7 at 18-19.

Hunter's testimony that no firearm was used in the robbery is of little significance

in light of his conviction of felonious abduction, an independent serious violent

felony that serves as a predicate for triggering § 3559's life imprisonment

provision.  See 18 U.S.C. § 3559(c)(2)(F)(i).  Because Hunter cannot disqualify the

felonious abduction count of his 1988 convictions, and because he does not

challenge his 1983 armed robbery conviction, Hunter has the two predicate

convictions necessary to trigger life imprisonment under § 3559.  See

§ 3559(c)(1)(A)(i).  Consequently, Hunter's remaining argument concerning his

1993 convictions is moot.

Hunter next argues that the burden-shifting disqualification provision of

§ 3559(c)(3)(A) is unconstitutional because it violates the Due Process Clause.  He

---

[3] Under Virginia law, the terms "abduction" and "kidnaping" are synonymous.  See Va. Code Ann. § 18.2-47(A) (Michie 1975).

7

correctly concedes that his argument is likely foreclosed by precedent, but suggests that we have not yet entertained whether setting the burden of proof at the "clear and convincing" level is constitutional.

We review the constitutionality of a statute de novo. See Gray, 260 F.3d at 1271. In Gray, we examined whether the burden-shifting disqualification provisions of § 3559(c)(3)(A) violated the Due Process Clause. See id. at 1278-80. We concluded that they did not. See id. at 1278-79. However, because the defendant in Gray failed to meet the lower preponderance-of-the-evidence burden of proof, we did not reach the question of whether setting the burden of proof at the clear and convincing level was constitutional.[4] See id. at 1279-80. We apply the same logic in this case and, once again, pass on the question of whether the clear and convincing standard of proof is constitutional.

### III. CONCLUSION

Hunter appeals his life sentence imposed for convictions stemming from an armed bank robbery. He argues that the district court erred in applying a mandatory minimum sentence of life imprisonment, pursuant to 18 U.S.C. § 3559(c)(1). We conclude otherwise and AFFIRM the judgment of the district court.

**AFFIRMED.**

---

[4] We note again, as we did in Gray, that the only circuits to address the question squarely have concluded that the provision passes constitutional muster. See id. at 1279.

8