[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10311
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00305-SDM-EAJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY ALOUSIUS GOMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 3, 2011)

Before EDMONDSON, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Gregory Alousius Gomes appeals his 151-month sentence imposed after a

jury found him guilty of conspiracy to possess with intent to distribute 50 grams or

more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(iii), and distribution and possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2.  For the reasons set forth below, we affirm.

I.

Gomes challenges the district court's application of the two-level enhancement for possession of a firearm under § 2D1.1(b)(1).  We review the district court's findings of fact for clear error and its application of the Sentencing Guidelines to those facts de novo.  United States v. Hall, 46 F.3d 62, 63 (11th Cir. 1995); see also United States v. Stallings, 463 F.3d 1218, 1220 (11th Cir. 2006) ("For sentencing purposes, possession of a firearm involves a factual finding, which we review for clear error.").

Section 2D1.1(b)(1) of the Sentencing Guidelines provides that the offense level for a drug offense is increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed."  U.S.S.G. § 2D1.1(b)(1).  The Guidelines instruct the district court to apply the enhancement "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Id., cmt. n.3.  We have held that the government has the initial burden to show by a preponderance of the evidence that the firearm was present at the site of the

charged conduct. See Hall, 46 F.3d at 63. If the government meets its burden, the burden shifts to the defendant to prove that a connection between the weapon and the offense is "clearly improbable." Id. at 63–64.

Gomes contends that the district court erred in applying § 2D1.1(b)(1)'s two-level enhancement because the gun, an unloaded .38 caliber pistol, was located in a container in his bedroom closet. He argues that the enhancement should not have been applied because all the offense related conduct that occurred at his home took place in his living room or outdoors. We disagree. The gun was located in the same home where Gomes was selling drugs. A cell phone Gomes used to arrange drug sales and crack cocaine was also found in his bedroom. See United States v. Cooper, 111 F.3d 845, 847 (11th Cir. 1997) (stating that firearms are "present" for purposes of § 2D1.1(b)(1) when they are "found where acts in furtherance of the conspirac[y] [take] place"); Hall, 46 F.3d at 64 (concluding that "presence of the weapon is all the Government need show"). The fact that the gun was unloaded and found in a different room in Gomes' home from where most of the drug sales took place does not make it "clearly improbable," see id. at 63, that there was a connection between the gun and the drug offenses. The district court did not clearly err in applying the enhancement.

II.

3

Gomes also challenges the reasonableness of his 151-month sentence. "We review sentencing decisions only for abuse of discretion, and we use a two-step process." United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)). If we conclude that no procedural error occurred, "the second step is to review the sentence's 'substantive reasonableness' under the totality of the circumstances, including 'the extent of any variance from the Guidelines range.'" Id. (quoting Gall, 552 U.S. at 51, 128 S. Ct. at 597). "If the district court's sentence is within the guidelines range, we expect that the sentence is reasonable." United States v. Alfaro-Moncada, 607 F.3d 720, 735 (11th Cir. 2010); see also United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we 'ordinarily . . . expect a sentence within the Guidelines range to be reasonable.'" (quoting United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)).

As for procedural error, Gomes contends that the district court failed to consider the § 3553(a) factors and treated the Guidelines as mandatory because the court imposed a sentence that reflected the crack/powder cocaine disparity in the Sentencing Guidelines. See Kimbrough v. United States, 552 U.S. 85, 109–11, 128 S. Ct. 558, 575 (2007) (holding that a district court does not abuse its discretion by considering the Sentencing Guidelines' disparate treatment of crack and powder cocaine offenses when sentencing a defendant). After explaining that Gomes' advisory Guidelines range was 151 to 188 months imprisonment, the district court gave Gomes an opportunity "to offer any matter in mitigation or any matter under 3553(a) that [the court] should consider in arriving at a final and reasonable sentence." Before imposing its sentence, the court stated that it had "considered the factors arrayed at 18 U.S.C. 3553(a)" and discussed several of those factors on the record. See United States v. Scott, 426 F.3d 1324, 1330 (11th Cir. 2005) (explaining that the district court's acknowledgment that it had considered the § 3553(a) factors "alone is sufficient in post-Booker sentences"). Those statements make clear that the district court considered the § 3553(a) factors. The court's decision to impose a within Guidelines sentence does not indicate that the court treated the Guidelines as mandatory. The court was required to listen to Gomes' argument regarding the disparate treatment of crack

5

and powder cocaine, but the court was not required to reduce his sentence because of it. See Kimbrough, 552 U.S. at 109–11, 128 S. Ct. at 575. No procedural error occurred.

Gomes also challenges the substantive reasonableness of his 151-month sentence. He contends that his sentence is greater than necessary to achieve the purposes of sentencing because he had no known criminal history and committed a non-violent offense. Gomes also asserts that his sentence is substantively unreasonable because his advisory Guidelines range would have been 41 to 51 months imprisonment if his offenses had involved powder cocaine and he was not subject to a statutory mandatory minimum sentence of 120 months imprisonment. Given the extensive harm caused by drug offenses, we cannot say that Gomes' sentence, which was at the lowest end of his advisory Guidelines range, is substantively unreasonable. See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (We may vacate a defendant's sentence as substantively unreasonable only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." (quotation marks omitted)).

AFFIRMED.