**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4470

ACEIUS PEARSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-97-1060)

Submitted: November 17, 1998

Decided: December 31, 1998

Before WIDENER, MURNAGHAN, and ERVIN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Leesa Washington, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
William C. Lucius, Assistant United States Attorney, Greenville,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Aceius Pearson was convicted of uttering counterfeit obligations, in violation of 18 U.S.C.A. § 472 (West Supp. 1998), and sentenced to twelve months imprisonment followed by three years of supervised release. On appeal, Pearson asserts that the district court erred in enhancing his sentence for possessing a dangerous weapon in connection with the offense, under U.S. Sentencing Guidelines Manual § 2B5.1(b)(3) (1997). Having considered his argument, we affirm his conviction and sentence.

In early August 1997, the Secret Service Office in Greenville, South Carolina, began to receive counterfeit $20 bills, all with serial number B35425157D. In late August, employees at a restaurant in Greenville reported that two men had paid for their dinners with counterfeit $20's bearing the same serial number.

On September 13, 1997, Aceius Pearson was stopped by a police officer in Woodrow, South Carolina, and arrested for driving with a suspended license. An inventory search of the vehicle disclosed a .25 caliber automatic pistol. Pearson was arrested; an inventory of his belongings revealed three counterfeit $20's with serial number B35425157D. The employees of the restaurant identified Pearson as one of the men who passed the fake bills. Pearson then admitted passing these bills, and turned over about $300 in counterfeit twenties. He pled guilty to uttering the two counterfeit bills at the restaurant.

Pearson argues on appeal that the district court erred in imposing the dangerous weapon enhancement, USSG § 2B5.1(b)(3), because there was no showing that Pearson's possession of the weapon occurred in connection with possession or passing of the counterfeit bills. Both sides concede that there is no Fourth Circuit case on point, and both proceed, as did the district court, from the analysis set forth in United States v. Nale, 101 F.3d 1000 (4th Cir. 1996). Nale involved an enhancement under USSG § 2K2.1(c), which deals with possession of a firearm "in connection with" another offense. In Nale, that offense was carjacking.

2

We conclude that the district court properly extrapolated our holding in <u>Nale</u> to apply to the comparable phrase in USSG § 2B5.1(b)(3). Under the <u>Nale</u> test, the Government must prove: (1) possession of the firearm; and (2) that the firearm was connected to the offense, to justify application of the enhancement provision.

Here, Pearson does not dispute that he possessed the gun, which police discovered under the seat of his car three weeks after the offense of conviction. Possession of three counterfeit twenties in his wallet at the time the gun was found is relevant conduct under USSG § 1B1.3. <u>See United States v. Falesbork</u>, 5 F.3d 715, 721 (4th Cir. 1993) (interpreting relevant criminal conduct in applying USSG § 2D1.1(b)(1) firearms enhancement); <u>see also United States v. Smith</u>, 127 F.3d 1388, 1390 (11th Cir. 1997) (authorizing enhancement if weapon possessed during relevant conduct related to the offense of conviction). The district court's finding that the gun facilitated or potentially facilitated Pearson's possession or use of the counterfeit bills in his wallet at the time of his arrest, or his potential escape, is not clearly erroneous. <u>Falesbork</u>, 5 F.3d at 719.

Therefore, we affirm Pearson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

3