[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 12, 2006
THOMAS K. KAHN
CLERK

No. 05-11196
Non-Argument Calendar

_____

D. C. Docket No. 04-00005-CR-HL-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(January 12, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Michael Williams appeals his conviction and sentence for various drug

offenses, possession of a firearm by a convicted felon, money laundering, and structuring monetary transactions. Williams makes three arguments on appeal. Williams first argues that the district court erroneously denied his motion to suppress because the affidavit supporting the search warrant of his storage unit was insufficient. Williams next argues that the district court erred when it refused to discharge Williams's appointed counsel. Lastly, Williams argues that the district court erroneously applied the sentencing guidelines when it calculated Williams's sentence. We affirm Williams's conviction. Because, as the government concedes, the district court erred when it calculated the Williams's guideline range, we remand this case for resentencing.

## I. BACKGROUND

Following a three year investigation, Williams and several others were indicted on multiple counts relating to drug and firearm offenses and money laundering. Williams pleaded not guilty, and James Jarvis was appointed to represent him. Several months later, Williams filed a motion and requested that Jarvis withdraw from representation. Williams asserted that a conflict of interest had developed. A few days later, Jarvis filed a motion to withdraw as counsel. Jarvis also filed a motion to suppress the evidence seized in a search of Williams's storage unit. Williams challenged both the information contained in the affidavit

2

and whether the affidavit supported probable cause for the warrant.

On August 31, 2004, the district court held a pretrial conference for the trial, which was scheduled for October 18, 2004. Williams's again argued that he was not happy with Jarvis's representation and wished to retain counsel. The district court advised Williams that Jarvis would continue to represent him until replacement counsel filed an appearance. The district court denied both motions for Jarvis to withdraw.

Two weeks before the scheduled trial date, Williams filed another motion and requested that he be appointed new counsel. At a hearing the same day, Williams stated that he would prefer to represent himself rather than continue with Jarvis's representation. The district court instructed Jarvis to be available for consultation and informed Williams that he had three days to decide whether to proceed with Jarvis's representation or to represent himself. The district court then took evidence on the suppression motion, which was denied, and, at the close of the hearing, reset the trial date for October 25, 2004.

On October 20, Williams sent a letter to the district court and stated that he would hire another attorney if the court would grant a continuance. On the day of trial, Williams again stated to the court that he wished to retain counsel. The district court declined to grant a continuance.

Jarvis represented Williams at trial, and Williams was convicted. Jarvis made an opening statement and closing argument, cross-examined witnesses, made objections, and moved for a judgment of acquittal. The jury returned a verdict of guilty on all counts but one, possession of a dangerous weapon. The jury found that the specific drug quantity was 1.11171 kilograms of cocaine.

At sentencing, when calculating Williams's guideline range, the district court found that Williams was responsible for 2.1622 kilograms of cocaine, possessed firearms in connection with the offense, and was subject to enhancements for his role in the offense and sophisticated laundering. The district court determined that the guideline range was 360 months to life imprisonment. The district court acknowledged that it was not bound by the guideline range and sentenced Williams to a total sentence of 425 months of imprisonment.

## II. STANDARD OF REVIEW

"A district court's ruling on a motion to suppress presents mixed questions of law and fact. We are required to accept the district court's factual findings as true unless they are clearly erroneous, but the district court's application of the law to the facts is reviewed de novo." United States v. Ramirez-Chilel, 289 F.3d 744, 748-49 (11th Cir. 2002) (internal quotation marks and citations omitted). We review the denial of a motion for new counsel for abuse of discretion. See United

States v. Calderon, 127 F.3d 1314, 1343 (11th Cir. 1997). Questions of law arising under the Sentencing Guidelines are reviewed de novo. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). We review findings of fact made under the Sentencing Guidelines for clear error. Id. at 1177.

### III.  DISCUSSION

Williams's first two arguments challenge the validity of his conviction, and his other arguments challenge only his sentence. The first two arguments fail, but one of his arguments about his sentence has merit. We review each of Williams's arguments in turn.

### A.  The Motion to Suppress Was Properly Denied.

Under the Fourth Amendment "no Warrants shall issue, but upon probable cause . . . ." U.S. Const. Amend. IV.  "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999).  "[T]he [warrant] affidavit must contain sufficient information to conclude that a fair probability existed that seizable evidence would be found in the place sought to be searched." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002) (internal quotation marks and citation omitted). The affidavit in support of a search warrant also

5

should "establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." Id. We have explained also that the information in the affidavit must not be stale. Id.

The affidavit presented to the Georgia court established probable cause to believe that the items to be seized would be found in Williams's storage unit. The affidavit established four pertinent facts: (1) Williams had an ongoing connection to the storage unit; (2) according to the manager of the storage facility, Williams had rented the unit using a false identity; (3) Williams had amassed significant amounts of cash and assets, which were scattered throughout several banks; and (4) according to the statements of two of his co-conspirators, Williams used the unit to hide drugs and money. This information was sufficient to establish probable cause to believe that drugs or evidence related to illegal drug activity would be found in the storage unit.

Williams argues that the information contained in the affidavit was stale, but the information suggested that Williams had an ongoing relationship with the storage unit. The manager of the facility notified authorities that Williams had visited the unit twice in the preceding month. The affidavit also established that Williams was significantly involved in the drug trade and had used the unit to hide drugs and money. The district court could reasonably conclude that this

6

information was not stale.  See United States v. Bervaldi, 226 F.3d 1256, 1265 (11th Cir. 2000).  The district court properly denied the motion to suppress.

B.  Williams Was Not Prejudiced by the Continued Representation of Jarvis.

Williams argues that the district court abused its discretion when it denied his motion to appoint new counsel.  The record reflects that there was conflict between Williams and Jarvis.  To prevail on his argument, Williams must prove that he was prejudiced by Jarvis's continued representation.  Calderon, 127 F.3d at 1343.  A defendant can prove such prejudice by demonstrating that his "counsel's performance was not within the range of competence demanded of attorneys in criminal cases and that but for counsel's continued representation . . . , the result of the proceeding would have been different."  Id. (internal quotations omitted).

Williams does not make any attempt to demonstrate how he was prejudiced by Jarvis's representation.  Indeed, the record reflects that, acting on Williams's behalf, Jarvis made an opening statement, cross-examined witnesses throughout the trial, moved for judgment of acquittal under Federal Rule of Criminal Procedure 29, raised objections, and made a closing argument.  The record also reflects that the jury acquitted Williams of one of the charged counts.  Even if the district court abused its discretion, Williams has not established any prejudice, and his argument fails.  See id.

7

C.  Williams's Case Must Be Remanded for Resentencing.

Williams raises four issues on appeal with respect to enhancements of his sentence.  We address each enhancement in turn.  We are not asked to review the reasonableness of the sentence imposed.

First, Williams argues that the district court erred when it held him accountable for over 2 kilograms of cocaine when the jury concluded that he possessed 1.11171 kilograms of cocaine.  Section 2D1.1(6) of the guidelines indicates that, where the amount of drugs involved in the offense conduct exceeds 2 kilograms but is less than 3.5 kilograms of cocaine, the base offense level is 28.  U.S.S.G. § 2D1.1(b).  Because the testimony presented at trial evidenced that the cocaine found in Williams's storage unit totaled over two kilograms, the finding that Williams was accountable for 2.1622 kilograms of cocaine was not clearly erroneous.

Second, Williams argues that the district court erred in including a four-level adjustment to reflect that he had organized or led the cocaine distribution.  Williams asserts that there were not five participants in the cocaine distribution scheme, but section 3B1.1(a) of the Sentencing Guidelines outlines two situations in which a defendant's leadership role merits a four-level enhancement.  "First, enhancement is appropriate where the defendant plays a leadership role in criminal

8

activity involving five or more participants." United States v. Holland, 22 F.3d 1040, 1045 (11th Cir. 1994). Second, "even where the activity involves less than five participants, a section 3B1.1(a) adjustment nonetheless will apply where the defendant plays a leadership role and the operation is 'otherwise extensive.'" Id. Thus, application of § 3B1.1(a) requires showing both an extensive operation and "the exercise of some authority in the organization, the exertion of some degree of control, influence, or leadership." United States v. Yates, 990 F.2d 1179, 1182 (11th Cir. 1993) (quoting United States v. Brown, 944 F.2d 1377 (7th Cir. 1991)).

The record support the latter basis for an adjustment. The testimony at trial evidenced that Williams played a leadership role in an operation that was "otherwise extensive," because he exerted control, influence, or leadership with respect to the money laundering activities. See Yates, 990 F.2d at 1182. The testimony established that Williams recruited co-conspirator Sharon Twine, bringing her paperwork regarding the certificates of deposits he purchased for large sums of money on behalf of his children and her children and had her sign them. There was also testimony that Williams had 17 different bank accounts, in his name and in his children's names.

Third, Williams argues that, because the jury specifically acquitted him of possession of a dangerous weapon, the district court erred when it increased his

offense level by two to reflect that he possessed a weapon during the commission of the offenses. Williams did not object to the imposition of a firearm enhancement in the district court. We review his argument regarding the imposition of this enhancement, therefore, for plain error. United States v. Olano, 507 U.S. 725, 731-732, 113 S. Ct. 1770, 1776 (1993).

Williams's argument fails. A two-level enhancement is appropriate if a firearm was possessed during the commission of the offense. United States v. Smith, 127 F.3d 1388, 1389 (11th Cir. 1997). "Acquitted conduct may be considered by a sentencing court because a verdict of acquittal demonstrates a lack of proof sufficient to meet a beyond-a- reasonable-doubt standard-a standard of proof higher than that required for consideration of relevant conduct at sentencing." United States v. Stanley, 24 F.3d 1314, 1322 (11th Cir. 1994) (citation omitted). Testimony introduced at trial showed that authorities found two handguns when they searched Williams's storage unit. The district court did not plainly err in finding that the firearms were possessed in connection with the drug and money laundering offenses.

Finally, Williams argues that the district court erred in the increasing offense level to reflect his sophisticated laundering techniques. The government concedes that this enhancement was erroneously imposed. Resentencing is required.

10

## IV.  CONCLUSION

We affirm Williams's convictions.  Because the guideline range was erroneously enhanced based on sophisticated laundering techniques, we vacate Williams's sentence and remand for resentencing.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**