[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-17237
Non-Argument Calendar

_____

D. C. Docket No. 05-00100-CR-T-17MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIKE BENT ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 9, 2007)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Mike Bent Robinson ("Robinson") appeals his 135-month sentence for possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. On appeal, Robinson argues that the district court clearly erred in finding that he did not qualify for a minor role adjustment, and further contends that his sentence is unreasonable, considering the factors set forth in 18 U.S.C. § 3553(a). We disagree, and AFFIRM his sentence.

## I. BACKGROUND

On 27 February 2005, Robinson and three others were apprehended on a go-fast vessel in the Caribbean Sea. The four individuals had attempted to flee from the Coast Guard while jettisoning bales of cocaine. To stop them, the Coast Guard shot out the vessel's engines. After boarding, the Coast Guard discovered 48 bales of cocaine, each containing approximately 25 kilograms of cocaine. The net weight of the cocaine was 1,179 kilograms.

Robinson pleaded guilty to possession and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. See 46 U.S.C. app. §§ 1903(a), (g), (j); 21 U.S.C. § 960(b)(1)(B)(ii). Based on the quantity of cocaine present on the boat at

2

the time of Robinson's arrest, and after applying relevant adjustments, the district court calculated an offense level of thirty three. That offense level, in conjunction with Robinson's criminal history category of I, resulted in a guideline range of 135 to 168 months of imprisonment. U.S.S.G. ch. 5, pt. A (sentencing table) (Nov. 2005). The court sentenced Robinson to 135 months of imprisonment, the low end of the range. This appeal follows.

## II.  DISCUSSION

"We review the sentence imposed by the district court for reasonableness." United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005) (per curiam) (citing United States v. Booker, 543 U.S. 220, 261, 125 S. Ct. 738, 765 (2005)). This review is guided by the factors outlined in 18 U.S.C. § 3553(a), including the appropriate advisory sentencing range under the United States Sentencing Guidelines. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). In reviewing a district court's sentence, we first assess whether the court correctly calculated the applicable guideline range. See Crawford, 407 F.3d at 1178-79. Next, we determine whether the sentence is reasonable in the context of the § 3553(a) factors. See Talley, 431 F.3d at 786. We review findings of fact regarding sentencing for clear error and review the district court's application of those facts to the sentencing guidelines *de novo*. United States v. Smith, 127 F.3d 1388, 1389

(11th Cir. 1997) (per curiam).

A. Sentencing Guideline Range

In determining Robinson's offense level, the district court began with a base offense level of thirty eight, pursuant to U.S.S.G. § 2D1.1(c)(1), which applies to offenses involving 150 kilograms or more of cocaine. The court then applied a two-level "safety valve" reduction under §§ 2D1.1(b)(7) and 5C1.2. The court further reduced Robinson's sentence by two levels under § 3E1.1(a) for acceptance of responsibility, and by one additional level under § 3E1.1(b) for timely notifying the government of his intention to plead guilty. After the adjustments were applied, Robinson's offense level was thirty three. Because Robinson had no prior criminal convictions, his criminal history category was I. Based on an offense level of thirty three, and a criminal history category of I, Robinson's advisory guideline range was 135 to 168 months. U.S.S.G. ch. 5, pt. A (sentencing table).

Robinson argues that the district court erred by failing to apply an additional two-level downward adjustment, pursuant to § 3B1.2(b), in calculating his offense level. Section 3B1.2(b) provides for a downward adjustment in the offense level of a defendant who was a minor participant in the criminal activity. We review for clear error a district court's determination of a defendant's role in the offense. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

4

Moreover, "[t]he proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." Id. at 939 (citation omitted). Because we find that Robinson did not carry his burden, we affirm the district court's determination that he was not entitled to a mitigating role reduction.

In determining whether a defendant is entitled to a minor role reduction under § 3B1.2(b), the district court first must assess the defendant's role "in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." Id. at 940-41. Because the definition of relevant conduct under U.S.S.G. § 1B1.3 is relatively broad, "some defendants may be held accountable for conduct that is much broader than their specific acts." Id. at 941. In such circumstances, a mitigating role adjustment may be appropriate. See id. If, however, a defendant cannot show that he played "a relatively minor role in the conduct for which [he] has already been held accountable," he is not entitled to a downward adjustment. Id. at 944.

In addition to assessing a defendant's role in the relevant conduct for which the defendant was held accountable, a district court may also consider a defendant's culpability in relation to that of other participants in the relevant conduct. Id. A mitigating role adjustment may be appropriate if "the defendant

was less culpable than most other participants in [his] relevant conduct." Id. A downward adjustment on this basis, however, is only appropriate if the court has already determined that a mitigating role adjustment is not foreclosed by the comparison of the defendant's acts to the relevant conduct for which he was held accountable in determining a base offense level. Id. at 945.

With respect to the first factor addressed above, Robinson did not carry his burden of demonstrating by a preponderance of the evidence that his role was minor in relation to the relevant conduct. Robinson's role in the offense involved serving as a crew member on a boat transporting over 1,100 kilograms of cocaine, and was identical to his relevant conduct for sentencing purposes. Although he argues that his role was minor in relation to the overall conspiracy, we assess his role in the offense only "against the relevant conduct for which [he] was held accountable at sentencing . . . ." Id. Here, Robinson was held accountable at sentencing only for his actual conduct. Indeed, his actual conduct involved a quantity of drugs far larger than necessary to arrive at his base offense level of thirty eight. Because Robinson's actual conduct was coextensive with his relevant conduct for sentencing purposes under § 1B1.3, the district court did not clearly err in determining that Robinson was not entitled to a minor role reduction based on the relationship of his actual conduct to the relevant conduct for which he was held

6

accountable.[1]

Robinson also argues that he should have been granted a minor role adjustment because he was less culpable than most of the other participants in the relevant conduct. See id. at 944. We need not consider this argument, however, because Robinson failed to establish that he played a minor role in the conduct for which he was held accountable at sentencing. As we stated in De Varon, "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable - not a minor role in any larger criminal conspiracy - should the district court grant a downward adjustment for minor role in the offense." Id. Robinson's failure to establish that he played a minor role in the relevant conduct is dispositive, and it is not necessary to compare his role to that of the other participants. See id. at 945 ("First, and most importantly, the district court must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing; we recognize that in many cases this method of analysis will be dispositive.").

---

[1] Robinson also argues that the district court erred in failing to make express factual findings regarding certain factors outlined in De Varon that relate to the minor role determination. See De Varon, 175 F.3d at 945. We have held, however, that the district court is not required to make any particular findings, other than the ultimate determination whether or not to grant a mitigating role adjustment, so long as the record supports that determination, as it does here. See id. at 939-40.

B.  Reasonableness of Robinson's Sentence

Robinson contends that his sentence is unreasonable because the district court did not give sufficient consideration to certain factors, including Robinson's poverty and his need to support a family in Colombia.  He also argues that the district court imposed a sentence greater than necessary to achieve the sentencing objectives set forth in 18 U.S.C. § 3553(a)(2), in violation of § 3553(a).  We disagree.

We reject Robinson's argument that the court did not give adequate consideration to the § 3553(a) factors.  The court addressed Robinson's impoverished background, and expressly acknowledged that it considered the § 3553(a) factors.  We have held that such a statement by the sentencing court is sufficient evidence that the court did in fact consider the factors.  Talley, 431 F.3d at 786.  As to Robinson's argument that the sentence was greater than necessary, we note that his sentence was at the low end of the correctly calculated guideline range, and was far lower than the statutory maximum sentence of life imprisonment.  See 21 U.S.C. § 960(b)(1).  Accordingly, we find that Robinson has failed to show that his sentence falls outside the range of reasonable sentences available to the district court.  See Talley, 431 F.3d at 788.

## III.  CONCLUSION

Robinson challenges his sentence of 135 months of imprisonment, contending that the district court improperly denied a downward adjustment of his offense level, and that his sentence is unreasonable.  After reviewing the record on appeal and the briefs of the parties, we find no reversible error.  Robinson failed to establish that the district court clearly erred in denying him a two-level downward adjustment under § 3B1.2(b) of the sentencing guidelines.  The district court properly calculated the advisory guideline range, and arrived at a sentence at the low end of that range, far lower than the statutory maximum sentence of life imprisonment.  Accordingly, we find that Robinson's sentence is reasonable.

**AFFIRMED.**