[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11132
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-14002-RLR-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JULIUS ANDREW REASON,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 20, 2018)

Before TJOFLAT, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

Julius Andrew Reason appeals his 235-month sentence, imposed after his guilty plea, for conspiracy to import dibutylone HCI ("dibutylone") into the United States, in violation of 21 U.S.C. §§ 952(a) and 963, and conspiracy to possess with intent to manufacture and distribute dibutylone, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Reason's sentence is more than ten years below the lower end of the applicable Sentencing Guidelines range. He argues that the District Court: (1) procedurally erred by misapplying U.S.S.G. § 2D1.1 cmt. n.6 ("Application Note 6") and clearly erred by finding that, for purposes of calculating his offense level, MDMA and MDEA were the substances "most closely related" to dibutylone and ethylone, respectively;[1] (2) erred by applying a four-point enhancement, pursuant to U.S.S.G. § 3B1.1(a), based on its finding that Reason was an organizer or leader of a criminal activity that involved five or more participants or that was otherwise extensive; (3) erred by applying a two-point enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), based on its finding that Reason possessed a firearm; and (4) erred by imposing an otherwise procedurally and substantively unreasonable sentence.

We disagree with each of Reason's arguments and affirm the District Court's sentence.

---

[1] Reason's total offense level reflects that he was held responsible for, among other substances, 10.34 kg of dibutylone and 9.98 kg of ethylone.

I.

Citing Federal Rule of Appellate Procedure 28(i), Reason adopts the portions of the initial and reply briefs filed by his co-appellant, Venteria Reason, that argue that the District Court procedurally erred by misapplying Application Note 6 and that it clearly erred by concluding that dibutylone and ethylone were most closely related to MDMA and MDEA.  Reason adopts a losing position.  *See United States v. Reason*, No. 17-11134, 2018 WL 388238 (11th Cir. Jan. 12, 2018). We therefore reject these arguments.

II.

Reason next argues that the District Court erred in applying U.S.S.G. § 3B1.1(a)'s four-point aggravating-role enhancement because the criminal activity to which he was an "organizer or leader"[2] did not "involve[] five or more participants" and was not "otherwise extensive."

A district court's determination of a defendant's role in an offense is a finding of fact that we review for clear error.  *United States v. Moran*, 778 F.3d 942, 979 (11th Cir. 2015).  "For a factual finding to be clearly erroneous, we must be left with a definite and firm conviction that a mistake has been committed."  *Id*. The sentencing court's factual findings for purposes of sentencing can be based on "evidence heard during trial, undisputed facts in the [presentence investigation

---

[2] Reason does not contest that he was an organizer or leader of criminal activity.

3

report], or evidence presented during the sentencing hearing." *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004).

Under § 3B1.1(a), a defendant receives a four-level increase in his offense level if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." A "participant" is someone "who is criminally responsible for the offense, but need not have been convicted." U.S.S.G. § 3B1.1 cmt. n.1. A court determines the number of participants by tallying the number of individuals involved in the relevant conduct for which the defendant was responsible, including the events surrounding the criminal act. *United States v. Holland*, 22 F.3d 1040, 1045–46 (11th Cir. 1994). The defendant himself is counted in the calculation. *Id.* at 1045.

The District Court did not clearly err in finding that more than five people participated in the criminal activity.[3] Reason and his two convicted codefendants clearly qualify as participants in the criminal activity because they were criminally responsible for the offense. *See* U.S.S.G. § 3B1.1 cmt. n.1. Further, the Government presented ample evidence that at least three others participated in the criminal activity for which Reason was responsible by, among other things, distributing and coordinating sales of drugs, collecting drug proceeds, and

---

[3] Because the District Court did not err in finding that the relevant criminal activity involved five or more participants, we do not need to address Reason's argument that the criminal activity was not "otherwise extensive."

receiving drugs up front without payment.  That these other individuals were not charged and convicted does not preclude them from being § 3B1.1 participants. *See Holland*, 22 F.3d at 1045–46; U.S.S.G. § 3B1.1 cmt. n.1.  The Court therefore properly applied § 3B1.1(a)'s four-level enhancement.

## III.

Third, Reason contends that the District Court erred in applying a two-point U.S.S.G. § 2D1.1(b)(1) dangerous-weapon enhancement because he had no "actual or constructive knowledge of the firearm" found under the passenger seat of his vehicle after his arrest.  Reason adds that the firearm did not contain his DNA or fingerprints, and that another individual occupied the passenger seat during his arrest.  He also asserts that the Government failed to prove that the firearm was used in connection with criminal activity.

We review for clear error a district court's factual findings under § 2D1.1(b)(1), and *de novo* the application of the Guidelines to those facts.  *United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006).  Sentencing Guideline § 2D1.1(b)(1) adds a two-point enhancement if a firearm is possessed in connection with a conspiracy to possess and distribute drugs.  Application Note 11(A) to § 2D1.1 states that the dangerous weapon enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  The firearm enhancement is "to be applied

whenever a firearm is possessed during conduct relevant to the offense of conviction." *United States v. Smith*, 127 F.3d 1388, 1390 (11th Cir. 1997). Relevant conduct includes acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." *Id.* (quotation omitted). After the Government has shown that a firearm was present, the evidentiary burden shifts to the defendant, who must show that a connection between the firearm and the offense is clearly improbable. *United States v. Fields*, 408 F.3d 1356, 1359 (11th Cir. 2005).

The District Court did not clearly err in applying the § 2D1.1(b)(1) enhancement. The Government showed that a firearm was present during the controlled transfer that culminated in Reason's arrest and presented substantial evidence that Reason frequently requested to use his codefendant's firearm, possessed firearms, and discussed the locations of various firearms. Reason then failed to meet the burden of proving that a connection between the firearm and the offense was "clearly improbable." *See id.* at 1359.

## IV.

Finally, Reason claims that two additional District Court errors render his sentence procedurally and substantively unreasonable. Reason first argues that the Court did not account for his belief that he was importing a "knock off drug" that was "less potent" than the comparator substances used to calculate his sentence,

6

MDMA and MDEA.  As discussed in *Reason*, 2018 WL 388238 at *5, this argument fails.[4]  Second, Reason contends that the Court failed to "sufficiently discuss" all of the required 18 U.S.C. § 3553(a) factors when issuing his sentence.

We review a sentence's reasonableness under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  A two-step process guides our review.  *Id.* at 51, 128 S. Ct. at 597.  First, we confirm that the district court committed no significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  *Id.*  We then consider the substantive reasonableness of the

---

[4] Reason's co-appellant made a similar argument, rejected in *Reason*, 2018 WL 388238 at *5, that the equivalence ratios assigned to MDMA and MDEA for purposes of sentencing are unfitting for dibutylone and ethylone, requiring a lower sentence to be issued.  Though it is unclear from his brief, Reason appears to have adopted that argument.  If he did, then we reject it, as we did before.  But Reason's brief also articulates an ostensibly different argument—that the District Court should have accounted for his belief that he was importing knockoff drugs less potent than MDMA and MDEA.  Our logic in *Reason* also takes care of this claim.  *See id.*  Boiled down, Reason, like his co-appellant, merely argues that the equivalence ratios of MDMA and MDEA are too harsh given the differences between those substances and dibutylone and ethylone, the substances Reason was importing.

Regardless, the fact remains that the Court properly found that MDMA and MDEA were appropriate comparators.  Indeed, following Application Note 6's requirements, the Court considered the potencies of the substances in making this determination.  Nothing in Application Note 6 imposes, as Reason asserts, the further requirement that "sufficient evidence" show that the defendant "knew [the substances he was importing] were the equivalent of and had the same potency as [the Court's chosen comparator substances]."

7

sentence given totality of the circumstances. *Id.* The party challenging the sentence bears the burden of proving the sentence unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

A district court's sentence must be "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a). 18 U.S.C. § 3553(a). When a district court decides that the § 3553(a) factors support a variance, it should explain "with sufficient justifications" why the variance "is appropriate in a particular case." *Gall*, 552 U.S. at 46, 128 S. Ct. at 594. The court's justification must be "compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review," but "an extraordinary justification" is not required. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation omitted).

The District Court explained at length the considerations which informed its 235-month sentence, many of which directly implicated the relevant § 3553(a) factors. There is enough in the record and in the District Court's explanation of Reason's sentence to satisfy us that the Court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *See Rita v United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). Its sentence was thus procedurally reasonable.

The Court's sentence was also substantively reasonable.  Reason's 235-month sentence fairly reflects the Court's consideration of the sentencing factors. *See United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010).  The record and the Court's explanation at sentencing justify the more than ten-year downward variance it applied.  And that Reason's sentence is well below the relevant Guidelines range further diminishes his position that it is substantively unreasonable.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  The District Court therefore did not err in imposing Reason's 235-month sentence.

## V.

For the reasons discussed, the District Court did not err in calculating or imposing Reason's 235-month sentence.

**AFFIRMED.**